MICHAEL T. HUNT vs. RISKALLO ZAKO & another.

Middlesex.    December 11, 1922. — January 9, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Election.  *Waiver.  Evidence,* Inference.  *Workmen's Compensation Act.*

At the trial of an action of tort by an employee of the street department of a city, commenced by a writ dated on a September 22 and returnable on the following November 8, against a person other than his employer for an injury sustained by the plaintiff on September 18, there was evidence that the plaintiff made no application to the city for compensation and did not notify any official thereof that he was injured nor request such official that he be given compensation under the workmen's compensation act; that he was told by his foreman that "there was some money waiting for him at the city hall, which was due him under the workmen's compensation act" and that the workmen's compensation agent for the city would pay him; that thereupon he went to the agent who made the first payment in cash and that from October 18 to January 10 during disability he received compensation from the city aggregating $150.02. It did not appear that he made known to the officials of the city that he had brought the action against the third party nor that he relied upon any claim against the defendant therein. *Held,* that

(1) As the plaintiff was paid compensation under the act, it was to be inferred that the city had accepted the provisions of G. L. c. 152, §§ 69 to 75 inclusive and was entitled to the remedy given by § 15 of that act to the same extent that an insurer thereunder can enforce in the name of the employee, or in its own name and for its benefit, the liability which may exist against a person, other than the subscriber, who caused the injury;

(2) The plaintiff could not pursue both the remedy by action at law against the third person and the remedy under the workmen's compensation act, but was bound to elect between the two;

(3) As the plaintiff accepted compensation under the act which was paid by the city, the city was entitled to maintain against the defendant in the plaintiff's name whatever rights he would have had if he had not decided to accept compensation, thereby waiving his common law rights;

(4) The plaintiff elected to accept compensation under the act, which was paid to him after the action was brought, and thereby abandoned the action at law and waived his rights thereunder.

TORT for personal injuries alleged to have been received by the plaintiff by reason of a fall through an open trap or hole in the floor of premises controlled by the defendants.  Writ dated September 22, 1920.

In the Superior Court, the action was tried before *Fox,* J.

Material facts are described in the opinion. At the close of the plaintiff's evidence, upon motion by the defendants the judge ordered a verdict for the defendants and reported the action for determination by this court upon the stipulation of the parties that "Verdict is to be ordered for the defendant on the ground that the plaintiff has elected to take compensation under the workmen's compensation act, with this stipulation: If the Supreme Court finds that the case should have been submitted to the jury, then that court may enter judgment forthwith for the plaintiff in the sum of $500: otherwise, judgment to be on the verdict."

*G. S. Ryan*, for the plaintiff, submitted a brief.

*P. J. Nelligan*, for the defendants, submitted the case without brief or argument.

CROSBY, J. This is an action to recover for personal injuries. It is stated in the report that, "The only question raised by the defendants was whether, on the testimony, the material portions of which are stated above, the plaintiff, by accepting compensation from the city of Cambridge, was barred from recovery in this action."

It appears from the record that at the time of the injury the plaintiff was in the employ of the city of Cambridge in its street department. The facts stated in chronological order are as follows: The injury occurred on September 18, 1920; the writ in this action was dated September 22, 1920, and returnable on the first Monday of November following; as a result of the injury the plaintiff was out of work until about the middle of December and lost more than one third of his wages; that he received the following sums, on the dates specified, from the city of Cambridge: October 18, 1920, $42.83; November 6, 1920, $46.02; November 27, 1920, $46.02; January 10, 1921, $15.15; making a total of $150.02. The action was tried in the Superior Court on November 16, 1921. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendants.

It is stated in the report that the plaintiff never made application to the city for compensation, nor notified any official thereof that he had been injured, nor requested of such official that he be given compensation under the workmen's compensation act; but that he was told by his foreman "there was some money waiting

for him at the City Hall, which was due him under the workmen's compensation act, and that Mr. Counihan, who was the workmen's compensation agent for the city of Cambridge, as the plaintiff knew, would pay to him. Thereupon, he went to Mr. Counihan, who made the first payment to him in cash." As the plaintiff was paid compensation under the act, it is to be inferred that the city had accepted the provisions of St. 1913, c. 807 (see now G. L. c. 152, §§ 69 to 75 inclusive), and was entitled to the remedy given by St. 1913, c. 448 (see now G. L. c. 152, § 15), to the same extent that an insurer thereunder can enforce in the name of the employee, or in its own name and for its benefit, the liability which may exist against a person, other than the subscriber, who caused the injury. If the plaintiff received an injury which arose in the course of and out of his employment, he had a claim for compensation to be determined by the Industrial Accident Board; he also had a remedy by action at law against the defendants for the injury done him. If he had two remedies, he could not pursue both, but was bound to elect between the two. *Turnquist* v. *Hannon,* 219 Mass. 560. *Labuff* v. *Worcester Consolidated Street Railway,* 231 Mass. 170.

It is to be inferred that at the outset the plaintiff elected to bring an action at law against the defendants, but afterwards, and before the return day of the writ, he took compensation from the city, which he knew was paid to him under the act. It does not appear that he made known to the officials of the city that he had brought this action, nor that he relied upon any claim against the defendants. With full knowledge that he was receiving compensation under the act, and that the substantial amounts paid to him were not in the nature of mere gratuities, he accepted them during disability, which seems to have terminated with the final payment made on January 10, 1921, he having been out of work as the result of his injury until about the middle of December, 1920.

As the plaintiff has accepted compensation under the act, which has been paid by the city, the city is entitled to enforce against the defendants in the plaintiff's name whatever rights he would have had if he had not decided to accept compensation and thereby waived his common law rights. The city, having proceeded in good faith and fully complied with the statute, should not be

deprived of whatever rights it may have under St. 1913, c. 448. *Hall* v. *Henry Thayer & Co.* 225 Mass. 151. If the plaintiff is entitled to collect damages in this action, the city would be deprived of the remedy given it under the statute as the defendants cannot be held liable in two actions brought for the same tort.

We are of opinion that the plaintiff, on the facts stated, elected to accept compensation under the act, which was paid to him after this action was brought, and he is to be held to have abandoned the present suit and waived his rights thereunder. *Barry* v. *Bay State Street Railway,* 222 Mass. 366. This conclusion is not at variance with what was decided in *Labuff* v. *Worcester Consolidated Street Railway, supra,* on which the plaintiff relies.

By the terms of the report judgment is to be entered for the defendants on the verdict.

*So ordered.*