Thomas F. Burke *vs.* Charles C. Willard.

Suffolk.    March 17, 1924. — May 23, 1924.

Present: Rugg, C.J., Braley, Crosby, Carroll, & Wait, JJ.

*Landlord and Tenant,* Wrongful holding by tenant after foreclosure by mortgagee. *Mortgage,* Of real estate. *Res Judicata. Judgment. Trespass.*

The holder of a second mortgage on an apartment house took possession for the purpose of foreclosure and gave to the owner, who was occupying a suite therein under a lease in writing, a notice in writing of such entry, which stated also that, for that reason, the tenant should pay rent to him, and also, " If you care to remain in the premises now occupied by you, your tenancy of said premises will begin from this day." The tenant at once denied the mortgagee's right to assert such a claim, asserted that he had a right to continue in possession, and that he would not pay rent to the mortgagee. The mortgagee brought an action of tort for damages due to his being deprived of his mesne profits. *Held,* that

(1) The defendant's leasehold was terminated without eviction upon his refusal to recognize the plaintiff's right;

(2) The plaintiff had a right to maintain the action;

(3) Judgment for the defendant, in an action of contract for use and occupation of the premises previously brought by the plaintiff against the defendant as a tenant at sufferance, did not render the present action of tort *res judicata* nor bar recovery therein;

(4) The plaintiff's mistaken pursuit of remedy in an action of contract was not an election of remedy barring him from prosecuting the action of tort;

(5) The writ, the declaration and the proof were not at variance.

Tort, the plaintiff alleging that on January 7, 1921, he entered and took possession of an apartment house numbered 881 on Massachusetts Avenue in Cambridge, called " The Amsterdam," for the purpose of foreclosing a second mortgage, and gave to the defendant, then occupying a suite there-

in under a lease in writing dated July 1, 1920, a notice in writing that he had taken possession for the purpose named and that the defendant should pay rent to him if he desired to remain a tenant; that the defendant refused to be a tenant of the plaintiff but continued to occupy the premises for the remainder of the month, to the exclusion of the plaintiff, whereby " the plaintiff lost the use, benefit and profits from said premises during said period of time." Writ in the Municipal Court of the City of Boston dated March 5, 1923.

There was evidence at the trial in the Municipal Court to support the allegations of the declaration. The notice in writing given to the defendant on January 7, 1921, was addressed to the defendant and read as follows: " I hereby notify you that I have this day taken possession of the premises, numbered 881 Massachusetts Avenue, Cambridge, Mass., for purpose of foreclosing the mortgage given to me by Anthony Goven for breach of the conditions of said mortgage. I further notify you that, having taken possession of said premises part of which you occupy, you will pay all rents to me. If you care to remain in the premises now occupied by you, your tenancy of said premises will begin from this day."

It was agreed by the parties at the trial " that at the time of the serving of said notice, the defendant Willard notified the plaintiff that he denied the right of the plaintiff to assert any claim against him for the rent accruing subsequent to the time of entry and stated to the plaintiff that he was occupying the suite under a written lease which he considered gave him the right to continue to occupy the said premises without liability for the payment for the use and occupation thereof to the plaintiff. He further notified the plaintiff that he did not recognize him in the premises and would refuse to pay him rent therefor."

The defendant asked for rulings, which, with the disposition made thereof by the trial judge, were as follows:

" 1. Upon all the evidence, the defendant is entitled to a finding in his favor." " Not granted."

" 2. The plaintiff's writ being in tort and his declaration

sounding in contract, there is such a variance that the plaintiff cannot recover." " Not granted. I find no variance."

" 3. If the evidence tends to show a right in contract as against the defendant in favor of the plaintiff, then there is such a variance between the plaintiff's writ and the evidence as to necessitate a finding for the defendant." " Not granted. I find no variance."

" 4. If the evidence tends to show a right in tort as against the defendant in favor of the plaintiff, then there is such a variance between the plaintiff's declaration and the evidence as to necessitate a finding for the defendant." " Not granted. I find no variance."

" 5. Upon all the evidence, the plaintiff is barred from maintaining an action of contract against the defendant wherein he seeks to recover by reason of the occupancy by the defendant of the premises mentioned in the plaintiff's declaration for the period from January 7th to January 31, 1921." " Granted but not applicable. The action is in tort."

" 6. If the court finds that the same issues involved in the present case were actually tried or might have been tried in the previous action of Burke *vs.* Willard, then the matter is *res adjudicata* and the plaintiff cannot recover." " Not granted. I do not so find."

" 7. If the court finds as a fact that the plaintiff in the former action of Burke *vs.* Willard contended that the relation of the defendant to the plaintiff during the period in question was that of a tenant at sufferance, he is estopped in this action to contend that the defendant was a trespasser during the said period with relation to the said premises." " Not granted. He was not the plaintiff's tenant."

" 8. It having been adjudicated by the court in the previous action of Burke *vs.* Willard that the defendant held said premises during the period in question as a tenant at sufferance of the plaintiff, the status of the defendant's holding during said period has been adjudicated and said adjudication is conclusive in the present action." " Not granted. He was not the plaintiff's tenant."

" 9. The defendant having entered the premises in question lawfully, he cannot be held to be a trespasser after the

termination of his tenancy until the expiration of a reasonable time after demand made upon him for possession by the plaintiff." " Not granted. He was not the plaintiff's tenant."

" 10. The defendant's tenancy having been terminated, his possession became that of a tenant at sufferance and he cannot be held liable as a trespasser unless the plaintiff proves a demand made upon him to quit the said premises." " Not granted. There was no tenancy between the parties to this action."

" 11. The defendant's tenancy having been terminated, the law allows him a reasonable time to remove, after notice given him to quit, and he cannot be bound to quit without notice." " Not granted, inapplicable in view of the finding of court."

" 12. The evidence fails to prove any such notice by the plaintiff to the defendant to quit the premises as to enable the plaintiff to maintain trespass against the defendant." " Not granted, inapplicable in view of court's finding."

" 13. An action of trespass will not lie against a tenant at sufferance until after notice to quit has been given the tenant." " Not granted, inapplicable in view of court's finding."

The judge found for the plaintiff in the sum of $48 and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*L. J. Dunn,* for the defendant.

*W. H. Sullivan,* for the plaintiff.

BRALEY, J. The defendant on January 7, 1921, was in occupation of the premises described in the record under a lease given by the mortgagor, dated July 1, 1920, for the term of one year. But the second mortgage, held by the plaintiff who had the legal title as between the parties, was paramount to the lease. *Ewer* v. *Hobbs,* 5 Met. 1, 3. The entry on January 7, 1921, by the plaintiff for the purpose of foreclosure of the mortgage, followed by notice in writing to the defendant, that he had taken possession, and that if the defendant cared to remain as a tenant he must in the future pay rent to him, which the defendant declined to do,

terminated the defendant's leasehold, and no eviction or actual dispossession was necessary. *Northampton Paper Mills* v. *Ames,* 8 Met. 1, 7. *Elmore* v. *Symonds,* 183 Mass. 321, 323. The plaintiff having entered, the defendant had become a trespasser, and, without resorting to a writ of entry, the present action in tort can be maintained for mesne profits accruing during the period elapsing between January 7, 1921, and the last day of January or the first day of February, 1921, when the defendant voluntarily vacated the premises. *Northampton Paper Mills* v. *Ames, supra.* *Sargent* v. *Smith,* 12 Gray, 426. *Merrill* v. *Bullock,* 105 Mass. 486, 493.

The defendant, having obtained judgment in a former action by the plaintiff to recover for use and occupation on the ground that the defendant was a tenant at sufferance, pleads the judgment in bar. But, even if the parties are the same, the judgment in the first action did not determine that the defendant was not a trespasser. *Sawyer* v. *Woodbury,* 7 Gray, 499, 502.

It is next urged, that, the plaintiff having elected to sue in contract, cannot, when defeated, sue in tort. The doctrine of election of remedies rests upon the assumption, that two or more inconsistent and alternative remedies exist. But the plaintiff, in fact as well as in law, had only one remedy, and his mistaken pursuit of a remedy in contract which did not exist, does not preclude him from resorting to his only remedy of an action in tort. *Bradley* v. *Brigham,* 149 Mass. 141. *Frisch* v. *Wells,* 200 Mass. 429. *Holman* v. *Updike,* 208 Mass. 466, 471, 472. *Burke* v. *Willard,* 243 Mass. 547, 551. *Clark* v. *Heath,* 101 Maine, 530.

We find no variance between the cause of action stated in the writ, and the material allegations of the declaration, and, no reversible error appearing in the rulings at the trial, the order of the Appellate Division dismissing the report is

*Affirmed.*