Walter H. McDonald *vs.* The Employers' Liability
Assurance Corporation, Limited.

Suffolk.   May 9, 1933. — October 24, 1934.

Present: Rugg, C.J., Pierce, Wait, Field, & Lummus, JJ.

*Negligence,* Of insurer under workmen's compensation act. *Workmen's
Compensation Act,* Negligence of insurer, Election. *Practice, Civil,*
Election; Exceptions: whether error harmful; Ordering verdict.
*Evidence,* Relevancy and materiality. *Words,* "Some person other
than the insured."

Where an employee of one insured under the provisions of the workmen's
compensation act, upon receiving an injury, went, at the direction of
his employer, to a hospital maintained by the insurer, where he was
further injured by reason of negligent treatment, and thereafter
applied for and received from the insurer compensation under the act,
such injury due to negligent treatment in the hospital was merely an
aggravation of the initial injury and was compensable under the
workmen's compensation act and, consequently, the exercise by the
employee of his option to proceed under the workmen's compensation
act precluded him, under G. L. (Ter. Ed.) c. 152, § 15, from also
maintaining an action at law for the injury sustained in the hospital.
The exercise by the employee of his option under said § 15 prevented the
maintenance of the action at law subsequently commenced in the
circumstances above described, although when the action at law was
commenced there had been no final settlement of his claim under the
workmen's compensation act.
The damages sought in the action at law above described were for loss
of sight. The employee had made no claim to specific compensa-
tion therefor under the workmen's compensation act, but it was *held,*
that he could not reserve a right to proceed with the action at law by
claiming only a part of the compensation to which he was entitled.
It is a principle underlying the workmen's compensation act that there
shall not be double recovery for injury, once by way of compensation
and once by way of damages. Per Field, J.
The insurer is "some person other than the insured" within the meaning
of the provision in said § 15 requiring an employee to elect between
proceeding "at law against that person to recover damages" and pro-
ceeding under the workmen's compensation law "against the insurer
for compensation"; and no reason appears why, contrary to the
general principle above stated, double recovery by an employee should
be permitted, in a case where a further injury, which is an aggrava-
tion of the original injury, results to the employee from the fault of

the insurer, through permitting the employee, in addition to seeking compensation under the act, to maintain an action at law against the insurer to recover damages for such further injury.

Upon the employee bringing an action of tort against the insurer, after claiming compensation under the workmen's compensation act in the circumstances above described, the trial judge, at the close of the evidence for the plaintiff, ordered a verdict for the defendant. This court, calling attention to the fact that no contention was made by either party that the proper disposition of the case would have been to dismiss the action because prosecuted without authority rather than to order a verdict for the defendant, *stated* that it did not appear that either party or any other interested person was deprived of any legal right by the judge's action in ordering a verdict for the defendant.

It appearing from the record before this court that the plaintiff was precluded from maintaining the action at law above described because of his election to proceed under the workmen's compensation act, no harmful error was committed by the trial judge in the admitting in evidence at a trial before a jury an agreement in regard to compensation and a settlement receipt executed and delivered by the plaintiff in the compensation proceedings, nor in the exclusion of questions asked by him of a physician called as his witness.

TORT. Writ dated June 20, 1928.

In the Superior Court, the action was tried before *Dillon*, J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. R. Greenhood*, for the plaintiff.

*R. B. Coulter*, for the defendant.

FIELD, J. This is an action of tort to recover damages for the loss by the plaintiff of the sight of his right eye, alleged to have been caused by the negligence of the defendant's agent in treating the eye. The defendant, at the close of the plaintiff's case, moved for a directed verdict and a verdict was directed. The case is here on the plaintiff's exceptions to the direction of a verdict for the defendant and to the admission and exclusion of evidence.

The plaintiff testified that on December 24, 1927, while working for his employer, he "received a foreign body in his right eye," that the eye became inflamed, and that he reported the injury to his employer, who sent him to the defendant's clinic, or hospital, where his eye was treated. There was testimony as to the nature of the treatment, in-

cluding treatment on January 3, 1928, which the plaintiff contends was negligent. It was agreed by the parties that the plaintiff was an employee of the Otis Elevator Company at the time he sustained the injury and that this employer was insured under the workmen's compensation law. And it is not disputed that the defendant was the insurer. The plaintiff so testified and the papers introduced in evidence so indicate.

The plaintiff testified further that he continued to work until January 28, 1928, when he stopped work because of the condition of his eye, applied for workmen's compensation and signed an "Agreement in Regard to Compensation," and that he stayed out of work until some time in May when he returned to work and, at that time, signed a "Settlement Receipt." The agreement in regard to compensation, which was in evidence, provided for the payment of weekly compensation by the defendant on the basis of total disability beginning January 30, 1928. It described the nature of the injury as "eye injury," and the cause thereof, "Foreign body in eye," and contained the statement that it "is hereby agreed that I have suffered no permanent loss of use of any member of my body as a result of the above accident, except as above stated." The "Settlement Receipt," which also was in evidence, acknowledged the receipt by the plaintiff from the defendant of a sum of money in settlement of compensation under the workmen's compensation law for all injuries received by the plaintiff on or about December 24, 1927, while in the employ of the Otis Elevator Company, subject to approval and review by the Industrial Accident Board, and stated that the plaintiff agreed that he had "suffered no permanent loss of use of any member of my body as a result of the above accident," and that his disability ended May 7, 1928. There was also introduced in evidence an "Employee's Agreement to Discontinuance of Compensation," signed by the plaintiff, in which he agreed that the insurance company might stop his compensation as of May 7, 1928, and in which it was stated that he did this "with the understanding between us that this is not a settlement of my case and shall not prevent me from claiming

further compensation if I hereafter believe I am entitled to it." A witness for the plaintiff testified that the plaintiff was paid compensation "from the date of his disability until the date that he signed off." The plaintiff, however, testified "that he never received or claimed specific compensation in the proceedings before the . . . board, though he received a letter from the . . . board informing him of such right," and it was agreed by the parties that no specific compensation was paid to the plaintiff for the loss of the sight of his eye. See G. L. (Ter. Ed.) c. 152, § 36 (f).

1. It was not reversible error to direct a verdict for the defendant.

It is apparent that this action was brought by the employee, as plaintiff, for his own benefit. He cannot maintain it since, according to his testimony by which he is bound, he has elected to proceed against the defendant, as insurer, for compensation under the workmen's compensation law. G. L. (Ter. Ed.) c. 152, § 15, provides in part that where "under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both." Though, so far as appears, the agreements were not approved by the department of industrial accidents (see G. L. [Ter. Ed.] c. 152, § 6), the plaintiff's conduct, as shown by his testimony, amounted to an exercise of his option in favor of proceeding against the insurer for compensation rather than proceeding at law against "some person other than the insured" to recover damages in respect of a legal liability not created under the workmen's compensation law. Compare *Cripps's Case*, 216 Mass. 586; *Barry* v. *Bay State Street Railway*, 222 Mass. 366, 371; *Wahlberg* v. *Bowen*, 229 Mass. 335, 338; *Tocci's Case*, 269 Mass. 221, 223–224. It is not material, as bearing upon the exercise of this option, that the plaintiff's claim under that law has not been finally settled, or that he has not claimed or received specific compensation for the loss of sight. An employee cannot by claiming only a part of the compensation to which he is

entitled reserve a right to proceed at law for damages. The exercise of his option in favor of proceeding for compensation precluded him from maintaining an action at law for damages based on any injury for which compensation could be had under the workmen's compensation law. And compensation for injury arising from aggravation, through negligent treatment, of an original compensable injury is within this principle. *Vatalaro* v. *Thomas*, 262 Mass. 383. *Jordan* v. *Orcutt*, 279 Mass. 413, 416. The evidence in its aspect most favorable to the plaintiff did not warrant a finding that the plaintiff sustained any injury from the negligence of an agent of the defendant for which compensation could not have been had under the workmen's compensation law.

The plaintiff, however, contends that the provision of G. L. (Ter. Ed.) c. 152, § 15, above quoted, and the principles above stated, do not apply to the present case where the employee is proceeding at law against the insurer for negligence. But there is no sound ground for such an exception to the general rule. It is a principle underlying the workmen's compensation law that there shall not be double recovery for injury — once by way of compensation and once by way of damages. See. *Tocci's Case*, 269 Mass. 221, 223–224; *Ahmed's Case*, 278 Mass. 180, 183–184. This is true whether injury results from the fault of the employer, the "insured person" (G. L. [Ter. Ed.] c. 152, §§ 23, 24; see, however, § 28), or from the fault of "some person other than the insured" (§ 15). On a natural interpretation of the words, the insurer is "some person other than the insured" within the meaning of the statutory provision in § 15 requiring an employee to elect between proceeding "at law against that person to recover damages" and proceeding under the workmen's compensation law "against the insurer for compensation." And no reason appears why, contrary to the general principle, double recovery by an employee should be permitted in a case where his injury results from the fault of the insurer. No inference that double recovery is permitted in such a case can be drawn from the inapplicability thereto — because of the identity of the insurer and the person in whom the legal liability is created — of the

provision in § 15 that an insurer who has paid compensation "may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person." This is a privilege conferred upon the insurer to enable it to obtain reimbursement from the person at fault for sums paid by the insurer to the employee as compensation. *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547, 548–549. And the fact that since the insurer is the person at fault it cannot obtain such reimbursement is not a ground for inferring that the Legislature intended to permit the employee to obtain from the insurer double recovery — once by way of compensation and once by way of damages — when the employee could not have obtained such double recovery if the fault had been that of a person other than the insurer. Nor is there such a ground in the fact that it is unlikely, if not impossible, that the employee will derive any benefit under the provision of § 15 that "in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee." Even in the ordinary case, the "injured employee cannot control . . . [the insurer's right to proceed at law] or successfully demand that the insurer proceed to exercise it" (*Jordan* v. *Orcutt*, 279 Mass. 413, 415–416; see also *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547, 548–549; *Hunt* v. *Bank Line, Ltd.* 35 Fed. Rep. [2d] 136), though the statute prohibits the insurer's making "any settlement by agreement with such other person without the approval of the industrial accident board," and provides for the distribution of any sum recovered from such person (§ 15). It is not to be inferred that in lieu of this limited right of the employee the Legislature intended to permit an employee injured by the negligence of the insurer to recover full damages at law in addition to full compensation under the workmen's compensation law.

No contention is made by either party that, if, as we decide, the employee cannot maintain the action for his own benefit, the proper disposition of the case would have been to dismiss the action because prosecuted without authority rather than to direct a verdict for the defendant. See *Murray* v. *Rossmeisl*, 284 Mass. 263, 265–267. Com-

pare *Vatalaro* v. *Thomas*, 262 Mass. 383. See also *Barry* v. *Bay State Street Railway*, 222 Mass. 366. And it does not appear that either party or any other interested person is deprived of any legal right by the judge's action in directing a verdict for the defendant.

2. There was no reversible error in the admission or exclusion of evidence.

The plaintiff excepted to the admission of the "Agreement in Regard to Compensation" and the "Settlement Receipt." Though the documents were not relevant to any issue triable by the jury (*Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 154, *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 444), they were relevant to the matter to be determined by the judge — whether the plaintiff had exercised his option in favor of proceeding for compensation under the workmen's compensation law. Since the case rightly was not submitted to the jury the plaintiff was not harmed by the admission of the documents. Nor was the plaintiff harmed by the exclusion, subject to his exception, of questions asked a physician called by him as a witness. These questions had no bearing upon the matter to be determined by the judge.

*Exceptions overruled.*