MARCIA E. LILLY, administratrix, *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk.   May 21, 1936. — September 9, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Election.   *Negligence,* Employer's liability.

An administrator having brought two actions, each for conscious suffering and the death of his intestate, one in a State court under G. L. (Ter. Ed.) c. 153, § 1, and c. 229, § 7, based upon an allegation that his intestate was employed in intrastate commerce, and the other in a Federal

court under the Federal employers' liability act based upon an allegation that the intestate was employed in interstate commerce, might prosecute either action to final judgment on the facts and could not be forced to elect between them before trial.

TORT. Writ in the Municipal Court of the City of Boston dated November 5, 1935.

On removal to the Superior Court, *Walsh*, J., denied a motion by the defendant that the plaintiff be ordered to elect between this action and another pending in a Federal court, and reported the action to this court for determination before further proceedings in the Superior Court.

*A. W. Blackman*, for the defendant.

*H. Richter*, for the plaintiff.

QUA, J. The plaintiff declared in this action for personal injury and death of her intestate under G. L. (Ter. Ed.) c. 153, § 1, commonly known as the employers' liability act. See also G. L. (Ter. Ed.) c. 229, § 7. There is also a separate count at common law for conscious suffering only under said § 7. At approximately the same time the plaintiff, in the same representative capacity, brought in the District Court of the United States for this district another action against the defendant for injury and death of her intestate under the Federal employers' liability act, U. S. C. Title 45, c. 2. The defendant thereupon moved in this action that the plaintiff be required to elect whether she would proceed in this action or in the action pending in the District Court. The trial judge ruled that he had no power to require the plaintiff to elect, denied the motion and reported the case to this court.

The ruling was right. The question is not whether both actions are based upon the same cause or causes of action. We do not decide that question. See *Mackintosh* v. *Chambers*, 285 Mass. 594; *Gallagher* v. *Wheeler*, 292 Mass. 547, 551–553. But see also *Porter* v. *Sorell*, 280 Mass. 457. The defendant is not seeking an abatement. It properly concedes that it is not entitled to abatement because of another action pending in the Federal court. *Consolidated Ordnance Co.* v. *Marsh*, 227 Mass. 15, 19. The question raised by the defendant's motion is simply whether the

plaintiff can be compelled before trial to elect her remedy. Election implies choice. The plaintiff has no right to choose at will between recovery under the Federal law and recovery under the State law. Those laws are mutually exclusive in their respective fields. One applies to injuries received while the employee is engaged in interstate commerce, the other to injuries received while he is engaged in intrastate commerce. *Wabash Railroad* v. *Hayes*, 234 U. S. 86, 89. It is often a close question in which kind of commerce a railway employee is engaged at the time of an accident. The plaintiff has a right to prove her case under the Federal act, if she can, and if she fails in that, to fall back upon her rights under the State law. She cannot be compelled to throw away either recourse before she has had an opportunity to determine which affords the true remedy.

This case is governed by *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, where the controlling principles are fully discussed with citation of many authorities. Those principles are equally applicable though in this instance the actions are pending in different jurisdictions and though each was brought by the plaintiff in the same capacity. Further illustrations of the general rule as to election of remedies are found in *Butler* v. *Hildreth*, 5 Met. 49, 52, *Snow* v. *Alley*, 156 Mass. 193, 195, *Loomis* v. *Pease*, 234 Mass. 101, 106, *Burke* v. *Willard*, 249 Mass. 313, 317, *Donovan* v. *Draper*, 268 Mass. 555, 558, and *Wabash Railroad* v. *Hayes*, 234 U. S. 86. The case of *Consolidated Ordnance Co.* v. *Marsh*, 227 Mass. 15, is distinguishable. In that case the plaintiff's substantive rights were the same in both jurisdictions. No question arose as to where the true remedy lay, and the plaintiff was trying to use the equitable attachment permitted by the statute of this Commonwealth as an adjunct to its action in the Federal court.

*Order denying the defendant's motion to require*
*the plaintiff to elect affirmed.*