WESTERN MASSACHUSETTS FINANCE COMPANY *vs.*
PETER L. CARRIER.

Berkshire.    September 15, 1936. — October 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Election.  Sale*, Seller's rights.

A taking possession of a chattel by the holder of a note given by a purchaser of the chattel in a sale whose terms gave no right of repossession to the seller nor to the holder of the note, was not an election of remedy which barred subsequent recovery upon the note.

CONTRACT. Writ in the District Court of Central Berkshire dated March 1, 1935.

The action was heard by *Hibbard*, J., who found for the plaintiff in the sum of $399.94. A report to the Appellate Division for the Western District was ordered dismissed. The defendant appealed.

*S. E. Bloomberg,* for the defendant.

*L. S. Cain,* for the plaintiff.

CROSBY, J.   This is an action of contract upon a promissory note, given by the defendant to Farrell and Gregory and indorsed by them to the plaintiff.  The note was for the sum of $923.88 and was payable at the office of the plaintiff at Great Barrington in this Commonwealth, in twelve equal, successive, monthly payments of $76.99 each, the first instalment to be payable one month after date; with interest on overdue instalments at the highest lawful rate.  The note further provided that "Upon non-payment of any installment when due, the entire amount unpaid thereon shall become immediately due and payable at the election of the holder, together with court expenses and a reasonable attorney's fee.  All benefits of valuation, appraisement, exemption laws, insolvency and bankruptcy laws are hereby waived.  Presentment, demand, protest and notice of protest are hereby waived.  Negotiable and payable at the office of Western Massachusetts Finance Co., Inc., Great Barrington, Mass., or 34 North St. Pittsfield, Mass.  Peter L. Carrier  Address 38 Spring St. Pittsfield."  On the back of the note the following appeared: "Pay to the order of Western Massachusetts Finance Co. Inc.  Seller  Farrell & Gregory  By Fred J. Farrell."  "Brockway  Pay to the order of Agricultural National Bank of Pittsfield,  Trustee  Waiving notice and demand  Western Massachusetts Finance Co., Inc.  James F. Watson, Ass't. Treasurer."  "Without recourse  Pay to the order of Western Massachusetts Finance Company Inc. Agricultural National Bank of Pittsfield, Trustee  Henry M. White, Treasurer."  The defendant's answer was a general denial, a special denial of signature, an equitable defence that the note was part of a conditional sale of a motor vehicle represented by a conditional bill of sale wherein was an option of repossession, an allegation that the plaintiff had exercised the option of repossessing the motor vehicle and therefore waived its right to recover on the note, and a further special defence that the motor vehicle was defective.  The plaintiff introduced the note and rested.  There was evidence that the note was

given in connection with a sale of a motor truck and that this sale was evidenced by a memorandum of sale which was introduced in evidence.

There was evidence at the trial tending to show that on or about March 21, 1934, the defendant and a firm known as Farrell and Gregory, who were dealers in automobiles in Pittsfield, entered into a written contract containing the following provisions: "Farrell & Gregory Brockway Truck Distributors 814 East Street, Pittsfield, Mass. Mar. 21, 1934. Gentlemen: Please enter my order for one Brockway to be delivered on or about Mar. 21, 1934 . . . according to the following terms and specifications: Cash Selling Price of Car delivered in as is 1,185.00 Extras Total Cash Selling Price Less Deposit 50.00 Less S. H. Car Make 375.00 Balance Due Upon Delivery Cash 760.00." The agreement contained the further provisions: "Farrell & Gregory agree to sell and deliver to the below named person a car as above designated, at its salesroom, 814 East Street, Pittsfield. In case of my refusal or failure to accept the car, and to pay the balance of the purchase price, when said car is tendered to me, or when I am notified that it is ready for delivery, Farrell & Gregory may, at its option, declare this contract at an end, and thereupon such deposit (in moneys or car) and all sums theretofore paid by me (purchaser) shall be forfeited by me (purchaser) and retained by Farrell & Gregory as liquidated damages. Otherwise, said failure or refusal to accept said car shall not put an end to this contract nor release me from my liability to purchase said car and to pay the balance of the purchase price thereof. This agreement is subject to approval of an officer of the corporation. This agreement constitutes the entire contract between the parties and no waiver or modification of the terms or conditions shall be valid unless written upon or attached to this contract. (Signed) Peter L. Carrier."

On March 21, 1934, Farrell and Gregory indorsed to the plaintiff the note of the defendant hereinbefore set forth. After the defendant had made payments amounting to $233.58 the plaintiff, as owner of the note, took possession of the truck and sold it to a third person. The plaintiff

then brought an action against the defendant for the full amount of the note. Although the declaration alleged $923.88 to be due the plaintiff, at the trial only $399.94 was claimed to be due; this sum was arrived at by deducting from the amount named in the declaration payments made by the defendant and the net amount received from the sale of the truck, and adding to the amount thus computed $75 for attorneys' fees, and $18.39 for interest. There was evidence that the principal of the note included interest in advance on the balance due and a "finance charge." The trial judge included the sum of $18.39 for interest in his finding, which was allowed on the theory that by the terms of the note the full amount thereof was due upon default irrespective of the elements making up the principal. There was evidence that the plaintiff claimed $75 for attorneys' fees. The judge decided the amount due upon the facts before him and the proceedings in court.

The defendant filed the following requests for rulings: "On all the law and all the evidence the court should make a finding for the defendant and sets forth the following reason: a. That the evidence tends to show that the note in question was given in payment of a certain motor vehicle. That subsequently in default of payments on the note, the plaintiff took possession of the motor vehicle and resold it to a third party. That having repossessed itself of the motor vehicle the plaintiff had made an irrevocable election of remedies so that it was estopped from now recovering in a suit on the note. . . . 2. The remedial rights of the plaintiff although alternative were inconsistent, and while the plaintiff had its choice of either it could not resort to both, and once having made an irrevocable election of remedies, it cannot now recover on the note." The trial judge denied the defendant's requests, and found for the plaintiff in the sum of $399.94. The Appellate Division failed to find any prejudicial error in the refusal to rule as requested by the defendant, and the defendant appealed.

It was said in *Bresnick* v. *Heath*, 292 Mass. 293, at page 296: "An appeal brings before this court for consideration only rulings of law made by the trial judge and reported by

him to the Appellate Division and questions of law touching the action of the Appellate Division thereon." The only questions of law shown by the record in the present case relate to the refusal of the trial judge to rule in accordance with the defendant's requests. The trial judge found, "There is no question but that the plaintiff was holder in due course of the note in suit." The only real issue to be determined is whether there was an election by the plaintiff which would bar it from recovering on the note within the meaning of such cases as *Russell* v. *Martin*, 232 Mass. 379, where it was held that, under a contract of conditional sale of a chattel for a sum payable in instalments, the seller elected to disaffirm the sale by bringing an action of replevin for the chattel and could not thereafter maintain an action of contract on a check and notes given for such instalments. It is plain that there was not such an election in the case at bar. There was no evidence that the plaintiff disaffirmed the sale. There was nothing in the agreement of sale under which the defendant received the motor truck that gave the plaintiff the right to take possession of the truck and sell it. There was no basis for a finding that the plaintiff in seizing the truck was electing to enforce a valid remedy which was inconsistent with the enforcement of its rights as the holder in due course of the note in suit. In the absence of such proof the requested rulings were inapplicable. The attempted enforcement by the plaintiff of a remedy which did not exist did not preclude it from the enforcement of a legal remedy. *Snow* v. *Alley*, 156 Mass. 193, 195. *Doucette* v. *Baldwin*, 194 Mass. 131, 135. *Cinamon* v. *St. Louis Rubber Co.* 229 Mass. 33, 37. *Burke* v. *Willard*, 249 Mass. 313, 317.

As no error of law appears in the conduct of the trial the entry must be

*Order dismissing report affirmed.*