GEORGE MILLER vs. ROLAND RICHARDS.

Suffolk. November 13, 1939. — March 25, 1940.

Present: DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Election of remedies, Action against third person. *Actionable Tort. Election.*

An employee of one insured under the workmen's compensation act who, having been injured by a third person, elected to proceed under the act and was paid some compensation under an agreement made with the insurer and then filed an agreement for discontinuance of compensation, was precluded by § 15 from maintaining an action of tort in his own behalf against the third person although the injury he received was not compensable under the act.

TORT. Writ in the Municipal Court of the City of Boston dated May 25, 1938.

There was a finding for the plaintiff in the sum of $650 by *Gillen*, J.

*J. W. Lobdell*, (*C. T. Sexton* with him,) for the defendant.
*F. Wilson*, for the plaintiff.

LUMMUS, J. In this action of tort begun on May 25, 1938, the trial judge in a District Court found for the plaintiff. The Appellate Division dismissed a report, and the defendant appealed to this court.

There was evidence of the following facts. The plaintiff was employed as a meat cutter by the United Beef Company, which was insured under the workmen's compensa-

tion act, G. L. (Ter. Ed.) c. 152. The defendant, on October 27, 1937, bought meat from the company through its manager, who directed the plaintiff to cut it. While the plaintiff was lifting a heavy rump and loin of beef for the purpose of cutting it, the defendant from behind clutched the plaintiff's scrotum, causing the plaintiff to drop the beef. The plaintiff testified that when he dropped the beef the shin bone struck him in the scrotum. But there was evidence of statements by him that his only injury occurred when the defendant clutched him; and that the judge found to be the fact.

The defence is that the plaintiff and the insurer had entered into a written agreement under G. L. (Ter. Ed.) c. 152, §§ 6, 7, 11, for the payment to the plaintiff of $18 a week, beginning October 29, 1937, under the provisions of the workmen's compensation act. Compensation was paid for three weeks, and then the plaintiff went back to his job and on November 27, 1937, filed an agreement for discontinuance of compensation.

For the purpose of further proceedings under the workmen's compensation act the facts admitted by the written agreement were conclusively determined; the insurer "ought not now to be able to raise any question it then forbore to litigate," including "the question, whether the injury arose out of and in the course of . . . [the] employment." *Kareske's Case*, 250 Mass. 220, 227. *McCracken's Case*, 251 Mass. 347, 350, 351. *Perkins's Case*, 278 Mass. 294, 299. *MacKinnon's Case*, 286 Mass. 37. *Virta's Case*, 287 Mass. 602, 607. *DiLeo's Case*, 295 Mass. 568, 571. *Employers' Liability Assurance Corp. Ltd.* v. *DiLeo*, 298 Mass. 401. That principle, though argued, has no application, for this is an action of tort; moreover, one against a person other than the employer or the insurer.

By G. L. (Ter. Ed.) c. 152, § 15 (see now St. 1939, c. 401), "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or

against the insurer for compensation under this chapter, but not against both. . . ." The election to seek compensation deprives the employee of any right to proceed against the third person (*Barry* v. *Bay State Street Railway*, 222 Mass. 366; *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547; *Hunt* v. *Zako*, 243 Mass. 565; *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170), and transfers his cause of action against the third person to the insurer, which after paying compensation may proceed against the third person in its own name or in that of the employee. *Jordan* v. *Orcutt*, 279 Mass. 413. *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 442. *Murray* v. *Rossmeisl*, 284 Mass. 263. *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579. *Calligaris's Case*, 292 Mass. 397. *Murphy* v. *Liberty Mutual Ins. Co.* 294 Mass. 505. But see now St. 1939, c. 401. The present action is not brought by or for the benefit of the insurer.

This election, as was pointed out in *Tocci's Case*, 269 Mass. 221, 224, is a peculiar statutory one, and not the ordinary common law election between inconsistent remedies. If it were the latter, an employee who prosecuted one remedy to the end only to find that it did not exist, might then resort to the other. *Snow* v. *Alley*, 156 Mass. 193. *Burke* v. *Willard*, 249 Mass. 313. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529, 533. *Lilly* v. *New York, New Haven & Hartford Railroad*, 295 Mass. 384. *Western Massachusetts Finance Co.* v. *Carrier*, 295 Mass. 441, 445.

The law is settled otherwise as to the statutory election. The statutory election to "proceed" against the third person in tort, which takes place when the action is brought, is effective to bar a proceeding to obtain workmen's compensation, except as otherwise provided in § 15 (see St. 1939, c. 401), even though the result of the action establishes that there was no "legal liability" on the part of the third person. *Coughlin* v. *Royal Indemnity Co.* 244 Mass. 317. *Sciacia's Case*, 262 Mass. 531. *Tocci's Case*, 269 Mass. 221. The same words of § 15 govern the result of an election the other way, namely, to institute proceedings under the workmen's compensation act. The mere in-

stitution of such proceedings, though they be subsequently abandoned or prove unsuccessful, constitutes an election that precludes resort to an action of tort against the third person. *Tocci's Case,* 269 Mass. 221, 224. *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170, 173. It is therefore immaterial that on the facts found by the judge the injury appears not to have been compensable under the workmen's compensation act. *Gavros's Case,* 240 Mass. 399. *Lee's Case,* 240 Mass. 473.

The case of *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 569–570, to the effect that the waiver of an action at law against an employer under G. L. (Ter. Ed.) c. 152, § 24, applies only to a compensable injury, is not in point. Neither is *Donovan* v. *Johnson,* 301 Mass. 12, holding that the doctrine most recently stated in *Carlson* v. *Dowgielewicz,* 304 Mass. 560, applies only to a compensable injury. In *Wahlberg* v. *Bowen,* 229 Mass. 335, it was held that the receipt of certain benefits did not amount to proceeding under the workmen's compensation act. Compare *Bruso's Case,* 295 Mass. 531. Whatever may be said of *Hunt* v. *Zako,* 243 Mass. 565, it contains nothing contrary to what is here decided. Compare *Labuff* v. *Worcester Consolidated Street Railway,* 231 Mass. 170; *Sciacia's Case,* 262 Mass. 531, 533. The requested ruling that the evidence did not warrant a finding for the plaintiff should have been given.

*Order dismissing report reversed.*
*Judgment for the defendant.*