### BAGNEL v. SPRINGFIELD SAND & TILE CO.

### SAME v. CONSTRUCTION SERVICE CORPORATION.

### SPRINGFIELD SAND & TILE CO. v. BAGNEL.

### CONSTRUCTION SERVICE CORPORATION v. SAME.

Civil Actions Nos. 1737, 1738, 2338, 2339.

District Court, D. Massachusetts.

March 4, 1946.

Ralph H. Willard and Willard, Allen & Mulkern, all of Boston, Mass., for Bagnel.

John I. Robinson, of Springfield, Mass., for Springfield Sand & Tile Co.

William Doyle, of Boston, Mass., John I. Robinson, of Springfield, Mass., and Thomas H. Mahony, of Boston, Mass., for Construction Service Corporation.

WYZANSKI, District Judge.

These are the same four cases which were covered by an opinion of the Circuit Court of Appeals in Bagnel v. Springfield Sand & Tile Co., 1 Cir., 1944, 144 F.2d 65. The immediate question before me is whether Bagnel, the injured employee, who under the auspices of the New York State Department of Labor has claimed and recovered from his employer's insurance company an award under the Workmen's Compensation Law of New York, is on that account barred from bringing under Massachusetts law a common law cause of action for the same injury against the third persons whose negligence he alleges caused the injury and who were engaged as subcontractors in a common employment with his own employer. To understand the question, it is necessary to state first, the facts,

next, the prior proceedings in these cases, and then the contentions of the subcontractors.

Late in 1937 Jacobson & Co., Inc., employed as a foreman laborer Bagnel, a resident of New York. The employment began in New York by virtue of a contract made there. While his work was not steady, Bagnel continued in Jacobson's employ through January 18, 1941.

About 1938 Jacobson & Co., Inc., as principal contractor agreed with United Aircraft Corporation to furnish and install soundproofing in United's plant at East Hartford, Connecticut. Jacobson & Co., Inc., engaged Springfield Sand & Tile Company, Inc., as subcontractor to manufacture acoustical stone pipe for the job. Springfield, in turn, engaged Construction Service Corporation as subcontractor to furnish concrete mixers, a crane and the operators of both mixers and crane. Under arrangement with the subcontractors, Jacobson & Co., Inc., participated in the manufacture of the pipe on Springfield's premises by supervising the work and by furnishing some of the labor.

Jacobson & Co., Inc., was continuously insured under the New York Workmen's Compensation Law, Consol.Laws, c. 67, from before 1937 through January 18, 1941. As the parties have conceded in open court, the insurer during all this time was Aetna Insurance Company. Jacobson & Co., Inc., was also insured under the Massachusetts Workmen's Compensation Act, G.L.(Ter. Ed.) c. 152, from November 22, 1938, through January 18, 1941. Aetna Insurance Company was also the insurer under that act, but under a separate endorsement to the original New York policy. Jacobson & Co., Inc., did not give to its employees prior to January 18, 1941, any notice of this Massachusetts insurance.

January 6, 1941, Jacobson & Co., Inc., sent Bagnel, who had previously been working for the company in New York, to the Springfield, Massachusetts, plant of the Springfield Sand & Tile Company. Bagnel remained at work there until January 18, 1941. That day he was injured while at work for Jacobson & Co., Inc., on the manufacture of the pipe.

March 13, 1941, Aetna Insurance Company, without waiting for Bagnel to file a claim, filed with the New York State Department of Labor, Office of the Industrial Commissioner, Division of Workmen's Compensation a statement that it had begun making payment of compensation to Bagnel under the New York Act for the injury just recited. May 11, 1944, the New York Industrial Board held a hearing on the Bagnel case. May 15, 1944, it awarded "to the claimant for disability 170% weeks compensation at $25 per week, total $4270.83, covering the period from 2/1/41 to 5/12/44 and the case was continued for C–8." The Board notified the claimant "any compensation due will be sent to you by check by the insurance carrier [Aetna] named above." In accordance with that award, Aetna made payment to Bagnel of $4,270.83.

January 16, 1942, Bagnel, filed in this Court two complaints sounding in tort, Civil Action 1737 against the subcontractor Springfield Sand & Tile Company and Civil Action 1738 against the subcontractor Construction Service Corporation. Jurisdiction was based upon diversity of citizenship. Each complaint alleged that while Bagnel was a business invitee on Springfield's premises defendant negligently maintained a crane known by it to be defective and negligently operated it causing injury to Bagnel.

In Civil Action 1737 Springfield Sand & Tile Co. filed an answer setting forth a fifth defense as follows:

"In further answer to the plaintiff's complaint the defendant says that at the time of the alleged accident the plaintiff was an employee of Jacobson & Sons Company, which was insured under the Massachusetts Workmen's Compensation Act; that the plaintiff had not reserved his common law rights in accordance with G.L.(Ter.Ed.) chapter 152, section 24; that the plaintiff's alleged injury arose out of and in the course of his employment in Massachusetts upon premises on which his employer was engaged; that the defendant was engaged in work which was a part of and process in the trade and business of Jacobson & Sons Company within the meaning of G.L. (Ter.Ed.) chapter 152, section 18; that therefore the defendant is not some person other than the insured within the meaning of G.L.(Ter.Ed.) chapter 152, section 15, and therefore the plaintiff cannot maintain this action."

In Civil Action 1738 Construction Service Company filed an answer setting forth a fourth defense in precisely similar language. Subsequently these two defendants, who will be hereafter referred to as "the subcontractors", filed in Civil Action 2338

and Civil Action 2339 separate petitions praying for declaratory judgments that Bagnel was debarred by the Massachusetts Workmen's Compensation Act from recovering in his actions of tort.

This Court entered judgment for the subcontractors in all four cases on the theory that at the time of his injury Bagnel's employment was covered by the Massachusetts Workmen's Compensation Act, that at the time of his injury his employer had Massachusetts workmen's compensation insurance, that Bagnel had not given notice reserving his common law rights, and that Bagnel was therefore precluded from maintaining a Massachusetts common law action against subcontractors who were engaged in a common employment with his employer. That is, this Court applied the Massachusetts statutory doctrine, explained in Clark v. M. W. Leahy Co., Inc. 300 Mass. 565, 16 N.E.2d 57, that where an employee employed by an employer who has workmen's compensation insurance has given no notice to preserve his common law rights, he cannot bring an action at law for a compensable injury against a subcontractor engaged in the common employment.

Upon appeal these judgments were vacated by the Circuit Court of Appeals. In its view, Bagnel was entitled to bring a tort action under Massachusetts common law even though he had given no notice provided that his employment, whether in New York or Massachusetts, by his employer preceded the time when his employer became an insured person under Massachusetts law. That Court pointed out that on the record as it then stood it was not clear when Bagnel's employer, Jacobson & Co., Inc., became an insured person under Massachusetts law.

On remand this Court found that Jacobson & Co., Inc., employed Bagnel beginning in 1937 and did not become an insured person under Massachusetts law until November 22, 1938. Therefore, this Court held that the subcontractors were not entitled to prevail on the theory originally advanced.

The subcontractors thereupon advanced the following theory, which they regarded as open to them under their original pleading: (1) Mass.G.L.(Ter.Ed.) c. 152, § 15, gave Bagnel an election either to seek workmen's compensation under a statutory scheme or to seek recovery of damages in actions at law against the alleged tort feasors Springfield Sand & Tile Company and Construction Service Company; (2) Bagnel's acceptance of an award from the New York Department of Labor was an election to seek workmen's compensation; (3) under the doctrine applied in Miller v. Richards, 305 Mass. 424, 426, 427, 26 N.E.2d 380 that election had the effect of precluding Bagnel from maintaining for his own benefit the two actions brought against the alleged tortfeasors; and (4) under the provisions of Mass.G.L.(Ter.Ed.) c. 152, § 18, as interpreted in Carlson v. Dowgielewicz, 304 Mass. 560, 562, 24 N.E. 2d 538, and Clark v. M. W. Leahy Co., Inc. 300 Mass. 565, 568, 569, 16 N.E.2d 57, Bagnel's action cannot be maintained for the benefit of the Aetna Insurance Company.

These contentions are unsound.

Section 15 of Mass.G.L.(Ter.Ed.) c. 152, as it read at the date of the alleged injury to Bagnel provided that: "Where the injury for which compensation is payable [that is, the alleged injury to Bagnel] was caused under circumstances creating a legal liability in some person [that is, the alleged liability of Springfield Sand & Tile Company and of Construction Service Company] other than the insured [that is, Jacobson & Company, Inc.] to pay damages in respect thereof, the employee [that is, Bagnel] may at his option proceed either at law against that person [that is, Springfield Sand & Tile Company and Construction Service Company] to recover damages or against the insurer [that is, Aetna Insurance Company] for compensation under this chapter, but, *except as hereinafter provided,* not against both. If compensation be paid, under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person, *and if, in any case where the employee has claimed or received compensation within six months of the injury, the insurer does not proceed to enforce such liability within a period of nine months after said injury, the employee may so proceed. In either event, the sum recovered shall be for the benefit of the insurer unless such sum is* greater than that paid by it to the employee, *in which case* four fifths of the excess shall be paid to *or retained by* the employee. * * *"* [Emphasis indicates words added by Mass.St.1939, c. 401.]

Careful reading of this section shows that it applies only to cases where the insured makes an election between (1) an ac-

tion at law against a third party and (2) an action for compensation "under this chapter" 152 of the Massachusetts General Laws, Tercentenary Edition. Thus § 15 has no application to a case where the insured proceeds against the insurer for compensation under the law of some other state.

Even if I were mistaken in the foregoing construction of § 15 and the section were applicable to cases where the insured proceeds against the insurer for compensation under the law of some other state, it would not follow that in the cases at bar Bagnel would be barred from common law actions in Massachusetts by his election to proceed under the New York Workmen's Compensation Law. It is true that as it stood prior to 1939, § 15 barred from his common law action against a tortfeasor an employee who had elected to receive compensation under the Massachusetts statute from an insurer of his employer. Mass.G.L.(Ter.Ed.) c. 152, § 15; Miller v. Richards, 305 Mass. 424, 26 N.E. 2d 380. But this bar was lifted to some extent by Mass.St.1939, c. 401. See Reidy v. Old Colony Gas Co., 315 Mass. 631, 633, lines 1–3, 53 N.E.2d 707. Under this amendment (shown by the added emphasis in the quotation set out two paragraphs above) an employee who has claimed or received compensation under a workmen's compensation act is not barred from his common law action against a tort-feasor if (1) the employee has claimed or received compensation within six months of the injury and (2) the insurer did not proceed to enforce the tort-feasor's liability within a period of nine months after such injury. Bagnel meets these two tests: He received compensation from Aetna Insurance Company prior to March 13, 1941, and it is conceded that Aetna has never sued the subcontractors.

Not only is § 15 no barrier, but § 18 of Mass.G.L.(Ter.Ed.) c. 152, is also no barrier to Bagnel's actions of tort. That section, as construed in cases like Catalano v. George F. Watts Corp., 255 Mass. 605, 152 N.E. 46, Clark v. M. W. Leahy Co., Inc., 300 Mass. 565, 568–569, 16 N.E.2d 57 and Carlson v. Dowgielewicz, 304 Mass. 560, 562, 24 N.E.2d 538 applies only to employees covered by and to the insurers of general contractors insured under the Massachusetts Workmen's Compensation Act. As interpreted, § 18 provides that where a general contractor is covered by the Massachusetts Workmen's Compensation Act and a covered employee is injured by the negligence of a subcontractor engaged in a common employment, then the general contractor's insurer may not maintain in the name of the injured employee an action against the subcontractor. The section does not bar an employee not covered by the Massachusetts Workmen's Compensation Act from an action of tort against a subcontractor engaged in a common employment. Bagnel v. Springfield Sand & Tile Co., 1 Cir., 144 F.2d 65, 71, col. 2 first full paragraph.

The Massachusetts Workmen's Compensation Act being no bar to Civil Action 1737 and Civil Action 1738, and the New York Act being no bar (see Bagnel v. Springfield Sand & Tile Co., supra, 144 F. 2d p. 68 note 1, p. 72 note 4), there is no reason why the issues remaining in Civil Action 1737 and Civil Action 1738 should not now be set down for trial.

It is perhaps needless to add that nothing herein expresses any opinion on the point whether if he recovers in these suits, Bagnel must make an accounting of part of the proceeds to Aetna Insurance Company. It is, however, proper to say that the prior payments by the insurance company to Bagnel are not, in the absence of a statute or contract, a barrier to his suit against third parties alleged to be tortfeasors. Am.L.Inst., Restatement, Torts, § 920 comment (e).

Ordered that the fifth defense pleaded in Civil Action 1737 and the fourth defense pleaded in Civil Action 1738 be adjudged without merit and those cases be placed at the head of the jury trial list; and that the petitions for declaratory judgment in Civil Action 2338 and Civil Action 2339 be denied, the judgments to be entered at the same time judgments are entered upon verdicts in Civil Action 1737 and Civil Action 1738.