JOSEPH SCIACIA'S CASE.

Suffolk.    January 20, 1928.— March 1, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act*, Election of remedy against third person.
    *Election.*

An employee of one insured under the workmen's compensation act, by
    commencing and entering in court an action of tort against a person
    other than his employer to recover for personal injuries which other-
    wise would have entitled him to compensation under the provisions of
    the act, G. L. c. 152, is thereafter by § 15 precluded from enforcing a
    claim for compensation under the act, although he discontinues the
    action at law before he files a claim for compensation.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision of the In-
dustrial Accident Board awarding compensation for injuries
received by the claimant while in the employ of Thomas
Cashman, doing business under the name of Cashman's
Express, and ruling that the employee had not made an
election barring recovery under § 15 of the act by reason of
an action begun by him against Charles Francis Adams and
others, trustees, and discontinued before the filing of his
claim for compensation.

In the Superior Court, the case was heard by *Morton, J.*,
by whose order the findings and decision of the Industrial
Accident Board were confirmed and compensation ordered
to be paid accordingly.   The insurer appealed.

*G. Gleason,* for the insurer.

*B. M. Siegel,* for the claimant.

CARROLL, J.   From the decree ordering compensation
under the workmen's compensation act to be paid the em-
ployee, the insurer appealed.

We assume that the injury arose out of and in the course
of the employment.   The question to be decided is this:
Did the employee, by bringing a common law action to re-
cover damages for his injury against Charles F. Adams and

others, trustees, make such an election as to deprive himself of the benefits of the workmen's compensation act? We infer that Adams was the owner of the building where the employee was injured. The action against him was entered in the Superior Court on October 4, 1926; and, after the defendant had moved for specifications and had filed interrogatories, the plaintiff on December 6, 1926, discontinued his action. The claim for compensation under the statute was filed December 9, 1926.

Under G. L. c. 152, § 15, where an injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both. It has been held that where different remedies are open to an injured person and it is doubtful which may bring full relief, he may pursue one to defeat and then pursue the other "or he may pursue all concurrently, until it finally is decided which affords the remedy." *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, 357, and the cases collected. But under the workmen's compensation statute in construing § 15, it has been held that, an action at law having been begun against a third person, and pending before notice of a claim for compensation against the insurer was given, the employee had made an election binding upon him and the insurer, and had deprived himself of the right to relief under the statute. *Labuff* v. *Worcester Consolidated Street Railway*, 231 Mass. 170, 172. In *Coughlin* v. *Royal Indemnity Co.* 244 Mass. 317, the employee brought an action against a third person to recover for his injury. After a verdict for the defendant in that action, he filed a claim for compensation under the act. It was decided that the employee by proceeding at law against the third person lost his rights under the act. In that case the common law action was at an end when the claim for compensation was filed.

The remedy at law against a person other than the insurer is entirely inconsistent with the remedy given under the

statute, and by § 15 of that statute it is expressly provided that the injured person has his choice of remedies and "may . . . proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both." The fact that the action against Adams was discontinued before proceedings under the statute were begun is not material. The election was made when the action was brought, and by this election the employee sought a remedy inconsistent with that given him by the statute. The fact that in *Coughlin* v. *Royal Indemnity Co., supra,* the case went to trial and was ended by a verdict for the defendant before relief was sought under the statute does not distinguish it from the case before us.

In *Frisch* v. *Wells,* 200 Mass. 429, it was said at page 431: "It is not, however, the judgment which may be obtained, but the commencement of a suit to enforce a coexisting inconsistent remedy in a court having jurisdiction, which constitutes the decisive act and makes the election binding." In the case at bar the employee not only began his action but entered his writ and it was not until after he discontinued his action at law that he filed his claim for compensation. He already had elected what remedy he preferred to pursue and, as the statute gave him the right to elect, he cannot now proceed against the insurer. *Hunt* v. *Zako,* 243 Mass. 565, is not in conflict.

The question of the employee's right to discontinue his action at law is not involved, and the cases relied on by him in support of this proposition need not be considered.

The decree is to be reversed and a decree entered for the insurer.

*So ordered.*