GRAHAM *v.* MICHIGAN MOTOR FREIGHT LINES, INC.

1. WORKMEN'S COMPENSATION—JUDGMENT—RES JUDICATA—PRIVIES —ADMINISTRATRIX—DEPENDENTS.

Upon concession made by plaintiffs there is deemed to be sufficient privity between the widow as administratrix of the estate of a deceased employee, who sued tortfeasor in an action at law to recover damages for death of her husband, and plaintiffs, dependents of employee, in proceeding to recover workmen's compensation, to bind plaintiffs on matter of liability of employer under the workmen's compensation act (2 Comp. Laws 1929, § 8454).

2. SAME—INTERSTATE COMMERCE.

Employee who was driving employer trucking company's truck in interstate commerce when he was fatally injured was protected by the State workmen's compensation act in the ab-

sence of establishment of liability or method of compensation by the congress of the United States (2 Comp. Laws 1929, § 8407 *et seq.*).

3. SAME—ACTION FOR DAMAGES—ELECTION OF REMEDIES.

The institution of an action for damages against a third-party tortfeasor and going to trial thereon constituted an election of remedy by an employee and resulted in a bar to an award of workmen's compensation (2 Comp. Laws 1929, § 8454).

4. SAME—ELECTION OF REMEDIES—ACTION FOR DAMAGES IN ANOTHER STATE.

Under provision of workmen's compensation act whereby an injured employee or his dependents might bring an action against a third-party tortfeasor who inflicted injury or proceed for workmen's compensation, the institution of an action at law in another State by administratrix of employee's estate for damages for his death against tortfeasor constituted such an election of remedies as to bar proceeding for workmen's compensation against employer in this State (2 Comp. Laws 1929, § 8454).

Appeal from Department of Labor and Industry. Submitted October 8, 1942. (Docket No. 53, Calendar No. 42,052.) Decided January 4, 1943.

Mildred Graham presented claims of herself and her minor son against Michigan Motor Freight Lines, Inc., employer, and General Accident Insurance Corporation, Ltd., insurer, for death of her husband. Award to plaintiff. Reversed and award vacated.

*Floyd T. Schermerhorn,* for plaintiffs.

*Kerr, Lacey & Scroggie,* for defendants.

BUTZEL, J.  Plaintiffs are respectively the widow and minor son of Orville Graham, who met death on March 10, 1937, while driving a truck owned by the Michigan Motor Freight Lines, Inc., from Detroit to Cleveland, when the truck collided with one

owned by the Hess Cartage Company on US-25 near the city limits of Detroit, Michigan.

Defendant motor freight lines is engaged in a general trucking business in Michigan, Ohio, and elsewhere, and delivers shipments originating in Michigan to local points in this State as well as to points outside of the State. It does a large intrastate, as well as interstate, business. Some of the trucks make runs to points in Michigan, some to points outside of the State, and the first driver available is given a truck ready to be run, irrespective of its destination. Defendant assurance company insured defendant truck company.

Decedent was employed by defendant truck company on the afternoon of March 9, 1937, and later in the day was given an unloaded truck to drive to Cleveland. He met his death but a few hours later. Within a week following the accident, Mildred Graham, widow, made application for compensation at the Detroit office of the Motor Freight Lines, Inc. A week later, she started proceedings for compensation before the industrial commission of Ohio. It held that it had no jurisdiction because defendant employer's place of business was in Michigan, and the contract of hire was entered into in the State of Michigan. Mrs. Graham appealed to the court of common pleas in the county of Cuyahoga, in the State of Ohio, which held that the workmen's compensation law in Ohio was not applicable and the court had no jurisdiction. An appeal to the circuit court of appeals for the eighth judicial district of the State of Ohio subsequently was dismissed. On April 28, 1937, less than two months after the accident, Mrs. Graham, as administratrix of the estate of decedent, started a common-law action for $50,000 against Hess Cartage Company, a copartnership, and the individual partners, in the court

of common pleas for the county of Cuyahoga, State of Ohio. Although the case has been diligently prosecuted, the calendar entries covering six and one-half pages, it has not yet been tried.

On September 13, 1937, Mrs. Graham filed a notice to employer of claim for injury with the Michigan department of labor and industry, and on April 16, 1941, on behalf of herself and her minor child, she filed notice and application for adjustment of claim for compensation benefits under the workmen's compensation act. A deputy commissioner, after a hearing on August 21, 1941, and on defendant's motion, dismissed plaintiff's application on the ground that decedent was engaged in interstate commerce at the time of the accident, and further, that "the plaintiff made an election to collect from the third party." Plaintiff appealed to the department and was awarded compensation at $18 per week for 300 weeks for total dependency for herself and minor child, share and share alike, from March 10, 1937, until further order of the department. She was also awarded funeral expenses of $200. Defendants appeal from this award.

At the outset plaintiffs and appellees concede that the privity of interest between herself as administratrix and herself personally and her dependent child is such that the acts of the administratrix are binding upon the widow and her child. See *Cavosie v. Sinclair Refining Co.,* 292 Mich. 468. We therefore pass the question without further discussion.

Appellants make the following claims: (1) that decedent was at the time of his death engaged in interstate commerce and consequently the department of labor and industry had no jurisdiction to make any award; (2) that the institution and prosecution of the common-law suit against a third party by the widow in the court of common pleas of Cuy-

ahoga county, Ohio, constituted an election of remedies under 2 Comp. Laws 1929, § 8454 (Stat. Ann. § 17.189), and that it precludes recovery of compensation by the plaintiffs.

Section 8411, 2 Comp. Laws 1929 (Stat. Ann. § 17.145), defines "employers" as those who have any persons in service under any contract of hire, and who have elected to come under the act. Section 8413, 2 Comp. Laws 1929 (Stat. Ann. § 17.147), includes under the term "employee" every person in the service of another under any contract for hire expressed or implied, et cetera. There is a limitation as to the general coverage of the act in the provisions of section 8481, 2 Comp. Laws 1929 (Stat. Ann. § 17.215), which provides as follows:

"The provisions of this act shall apply to employers and workmen engaged in intrastate commerce, and also to those engaged in interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, except that any such employer and any of his workmen working only in this State, may, subject to the approval of the industrial accident board,* and so far as not forbidden by any act of congress, voluntarily accept and become bound by the provisions of this act in like manner and with the same force and effect in all respects as is hereinbefore provided for other employers and their workmen: *Provided,* That any employer so engaged in interstate or foreign commerce may elect to become subject to, or withdraw from, the provisions of this act as to any dis-

---

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.

tinct department or departments of its intrastate business, and not to be subject thereto as to any other distinct department or departments of its intrastate business, any other provision or provisions of this act to the contrary notwithstanding. Any such election shall be made, or may be withdrawn in whole or in part, at the time or times, and in the manner, provided in section six of part one of this act for electing to become subject to the provisions hereof, and for withdrawing such election.''

In the instant case, it is not claimed that there has been any rule of liability established by the congress of the United States in regard to compensation or indemnity so as to give indemnity or protection to plaintiffs. Appellants claim that the interstate trucking engaged in by decedent at the time of his death was clearly separable or distinct from intrastate commerce; that decedent was engaged in interstate commerce at the time of the accident, although at the time of his employment the question of inter- or intrastate commerce apparently was not discussed. Appellants claim that unless decedent was actually engaged in intrastate commerce, his dependents are precluded from recovering compensation. We believe that the sections quoted extend into those fields of employment not covered by the Federal law. Decisions of other jurisdictions uphold this view.[*]

In *Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, 521 (109 N. E. 600, L. R. A. 1916 A, 403, Ann. Cas. 1916 B, 276) the court, interpreting a statute materially identical with ours, said:

''The statute does not purport directly to regulate or impose a burden upon commerce, but merely undertakes to regulate the relations between employ-

---

[*] See *Davis* v. *Department of Labor and Industries of Washington*, 317 U. S. 249, 713 (63 Sup. Ct. 225, 438, 87 L. Ed. —).—REPORTER.

ers and employees in this State. Such regulation
may, and no doubt does, indirectly affect commerce,
but to the extent that it may affect interstate or
foreign commerce it is plainly within the jurisdic-
tion of the State, until congress by entering the field
excludes State action.    *    *    *

"Literally construed, N. Y. Laws 1914, chap. 41,
§ 114, makes the statute apply only to intrastate
work, either done by itself or in connection with, but
clearly separable and distinguishable from, inter-
state or foreign commerce. But, though the section
is awkwardly phrased, it is manifest that a broader
application was intended, else the clause 'for whom
a rule of liability or method of compensation has
been or may be established by the congress of the
United States,' is meaningless. The legislature evi-
dently intended to regulate, as far as it had the
power, all employment within the State of the kinds
enumerated. The earlier sections are in terms of
general application, and section 114, which is headed
'interstate commerce,' is one of limitation, not of
definition. Its obvious purpose was to guard against
a construction violative of the Constitution of the
United States, and so it provided that the act should
apply to interstate or foreign commerce, 'for whom
a rule of liability or method of compensation has
been or may be established by the congress of the
United States,' only to the extent that intrastate
work affected may or shall be clearly separable or
distinguishable therefrom. In other words, the leg-
islature said that it did not intend to enter any field
from which it had been or should be excluded by the
action of the congress of the United States. But it
is said that congress may at any time regulate em-
ployments in interstate or foreign commerce, and
that the case is one in which a rule 'may be estab-
lished,' et cetera. Again, the spirit, not the letter,
must control. If it had been intended to confine the
application of the act to intrastate work, the legisla-
ture would doubtless have said so in a sentence.

The words 'may be' should be construed in the sense of 'shall be.' "

To like effect is the decision in *Hall* v. *Industrial Commission of Ohio,* 131 Ohio St. 416, 420 (3 N. E. [2d] 360), wherein interpreting a statute identical with ours so far as this question was concerned, the Ohio court held:

"It is plain that claimant is entitled to compensation unless he is barred of his right to share in the fund because he was engaged in interstate commerce outside this State at the time of his injury.   The consensus of authority seems to be that a State may provide compensation to one engaged in interstate commerce so long as the congress of the United States, acting under its constitutional power to regulate commerce among the States, has not preempted the field.   *Lindstrom* v. *Mutual Steamship Co.,* 132 Minn. 328 (156 N. W. 669, L. R. A. 1916 D, 935); * * *   *Staley* v. *Ill. Cent. R. Co.,* 268 Ill. 356 (109 N. E. 342, L. R. A. 1916 A, 450).   * * *

"Counsel for the industrial commission contend that the case comes within section 1465–98, General Code, and that therefore the claim is not compensable.  An examination of that section discloses that it applies only to employers and employees for whom 'a rule of liability or method of compensation has been or may be established by the congress of the United States.'  The words 'may be established' plainly refer to Federal legislation that should thereafter be enacted.  As congress had not acted with reference to employers and employees engaged in interstate commerce in the operation of bus lines, up to the time of the claimant's injury, the statute has no application to the case here.   * * *

"The only logical conclusion upon principle and authority is that the claim is compensable."

We hold that under the circumstance of the present case that, insofar as no rule of liability or

method of compensation has been established by the congress of the United States, decedent was protected by the workmen's compensation act of Michigan.

The second question was whether the plaintiff has made such an election by the institution of the suit in the Ohio court of common pleas for Cuyahoga county so as to preclude her from prosecuting a claim under the compensation act. Section 8454, 2 Comp. Laws 1929 (Stat. Ann. § 17.189), provides as follows:

"SEC. 15.    Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

A similar question was presented in *Noto* v. *Acme Truck Sales & Service Co.*, 270 Mich. 394, and although in that case plaintiff dismissed the action against the alleged third party tortfeasor, before presenting the claim for compensation, at the end of the opinion we stated that the institution of a suit and going to trial thereon was an election by the employee and resulted in a bar to an award of compensation. We, however, stated in the body of the opinion (p. 401):

"Therefore determination of whether there has been an election by bringing the suit at law is con-

trolled by the rules applicable to suits at law; and resort to one of two inconsistent remedies constitutes an election."

Plaintiff had two alternative remedies and one was inconsistent with the other, to the extent that it differed from the other. In the *Noto Case* we called attention to the fact that the provision in the workmen's compensation law of Massachusetts (Gen. Laws 1932, chap. 152, § 15) was not materially different from that of the Michigan statute in regard to making an election and we quoted an excerpt from *Sciacia's Case,* 262 Mass. 531 (160 N. E. 310).

Further attention is directed to *Tocci's Case,* 269 Mass. 221 (168 N. E. 744, 67 A. L. R. 236). In the opinion written by Chief Justice Rugg, the court construed the word "proceed" as follows:

"Moreover, the word 'proceed' in the statute must be given its natural meaning. The signification of that word is not open to reasonable doubt. In this context it means that the employee cannot institute proceedings both at common law against the third person and under the workmen's compensation act against the insurer. He must make a binding election. Resort to either form of relief constitutes such binding and final election, and he cannot thereafter pursue the other. It is not the usual case of election of remedies under the doctrines of the common law; it is an election under the provisions of a statute which specifies the conditions and terms of election. To adopt the contention of the employee would deprive the word 'proceed' of its force as used in the statute."

In *Miller* v. *Richards,* 305 Mass. 424 (26 N. E. [2d] 380), although the action was brought by a workman, who after receiving some compensation, filed his discontinuance in the compensation pro-

ceedings, the court reiterated that the mere institution of such proceedings though they be subsequently abandoned or prove unsuccessful, constitutes an election and precludes an action of tort against the third person. We have held that the converse of this rule is also true.

Counsel for appellee calls attention to cases in other jurisdictions where the provisions of the workmen's compensation or other remedial acts for workmen differ from those of Michigan. In *Canadian Pacific R. Co.* v. *Morin* (C. C. A.), 54 Fed. (2d) 246, it was held that under the Vermont workmen's compensation act a claim for compensation which had not proceeded to an award would not bar action against a third-party tortfeasor. By the same reasoning, an action against a third party which had not proceeded to judgment would not bar a compensation claim under the Vermont act. However, the court called attention to the more humane provisions of the Vermont compensation act which did not forbid the bringing of actions against both employer, in a workmen's compensation proceeding, and the third-party tortfeasor. It also called attention to a more recent amendment to the Massachusetts act by which the right is given to discontinue one remedy without prejudice to the right to pursue another. The court further severely criticized the provisions of any act which worked a hardship on a workman solely to the advantage of a third-party tortfeasor.

In the instant case, the widow first applied for compensation in Ohio. This was resisted. She shortly thereafter, however, began suit in the court of common pleas. A suit in tort must be brought within two years under the Ohio law.* She made

---

* See Ohio General Code (1934), § 11224–1.—REPORTER.

timely application for compensation in Michigan. Defendant could have asked for prompt hearing. Section 8445, 2 Comp. Laws 1929 (Stat. Ann. § 17.180). By seasonable action defendants would thus have protected themselves and had the benefit of subrogation, if plaintiff were granted an award.

It is unnecessary for us to consider whether by subrogation defendants could be substituted as parties plaintiff in the Ohio cause or whether they would be entitled to indemnity from the time of payment of an award if one were made. These questions are not briefed. Any decision on our part would not be binding on the Ohio court and anything we might say would be pure dictum in view of our holding. We believe that under the wording of the Michigan act, we are constrained to hold that plaintiff made an election when she proceeded by bringing suit against the third party tortfeasor. While we are strongly urged to adopt a rule that would be more consonant with the manifest object of the workmen's compensation act and with its more humane and remedial features, we are bound by the provisions of the act. Any change in this section, if desirable, must come from the legislature.

The award is vacated, with costs to appellants.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.