NICHOLS v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—ACTION AT LAW—ELECTION OF
   REMEDIES.
   An injured employee who brought an action at law against a
   person other than the employer thereby sought to recover
   damages for the injury and after making an election to pursue
   such remedy may not obtain an award of compensation from
   his employer under the workmen's compensation act, irrespec-
   tive of the outcome of the action at law (2 Comp. Laws 1929,
   § 8454).

2. SAME—ELECTION OF REMEDIES—STATUTES.
   Provision of the workmen's compensation act permitting an in-
   jured employee to "proceed" either at law to recover damages
   from person other than employer or against the employer un-
   der the act but not against both constitutes the resort to
   either form of relief a binding and final election precluding
   subsequent resort to the other and is not the usual case of
   election of remedies under the doctrines of the common law
   (2 Comp. Laws 1929, § 8454).

3. SAME—ELECTION OF REMEDIES—EMPLOYER'S DENIAL OF LIA-
   BILITY—ESTOPPEL.
   An employer who had denied liability for workmen's compen-
   sation to an injured employee before latter's commencement
   of action at law against a third party was not estopped from
   continuing to deny liability and asserting that plaintiff was
   barred from an award of compensation on account of having
   elected to sue a third party when plaintiff presented claim for
   compensation before department of labor and industry
   · (2 Comp. Laws 1929, § 8454).

Appeal from Department of Labor and Industry.
Submitted June 15, 1943. (Docket No. 78, Calendar
No. 42,333.) Decided September 7, 1943.

James Nichols presented his claim against Ford Motor Company for compensation for injuries sustained while in its employ. Claim withdrawn. Defendant requested determination that plaintiff was barred from receiving compensation because of his election to proceed against a third party. Award to plaintiff. Defendant appeals. Reversed.

*I. W. Ruskin,* for plaintiff.

*Doelle, Starkey & Jones,* for defendant.

BOYLES, C. J.   The question here for decision is whether an employee can be entitled to an award of compensation against his employer, under the workmen's compensation act, after having sued a fellow employee (third party) for damages occasioned by the injury for which compensation is sought.   In chronological order, the circumstances under which this question arises are as follows:

On December 9, 1940, the plaintiff was injured during an altercation with one John Leonard, a fellow employee, while working for the defendant, Ford Motor Company.  Plaintiff asked his employer for compensation for the injury, the company denied liability, and on January 25, 1941, plaintiff started suit for damages against the fellow employee, Leonard, in the common pleas court of Detroit. This suit was tried before a jury, resulting in a verdict of no cause for action.  Motion for new trial was granted, and while the suit was thus pending plaintiff filed an application with the department of labor and industry for an award of compensation against the defendant company on account of the alleged accident and injury.  Liability was denied by defendant, on the ground, among others, that the claim was barred by 2 Comp. Laws 1929, § 8454

(Stat. Ann. § 17.189), plaintiff having already proceeded by suit against the third party. In the suit in common pleas court, a new trial was had on May 8, 1941, and a jury again returned a verdict of no cause for action. On May 19th, plaintiff's application for award of compensation by the department of labor and industry came on for hearing, plaintiff moved to withdraw this application, and the motion was granted by the deputy who was conducting the hearing. On June 11th, the defendant company filed with the department a petition for a determination that the plaintiff, in bringing the suit against this fellow employee in common pleas court, had made an election to proceed at law for damages and therefore the claim before the department was barred under 2 Comp. Laws 1929, § 8454 (Stat. Ann. § 17.189). Plaintiff and the defendant company then proceeded to a hearing on the matter before a deputy commissioner, ignoring the apparent fact that the application had been withdrawn and treating the application as still pending. The deputy denied compensation on the ground that plaintiff by bringing suit against the third party had made an election and therefore was barred by the statute above referred to. Review was had before the department and considerable testimony was received from both parties by order of the department, going into the facts of the accident and the amount of an award. On December 30, 1942, the department reversed the deputy's denial of an award and granted compensation. The defendant, on leave granted, appeals.

Section 8454, 2 Comp. Laws 1929 (Stat. Ann. § 17. 189), provides as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than

the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

The theory on which the award was granted, as stated in the department's opinion, was that section 8454 did not bar the award because the injury was not "caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof." The department's theory was that the circumstances did not create a legal liability against the fellow employee, because the jury in the common pleas court had so decided. This position is not tenable. When plaintiff brought the suit in common pleas court, he *proceeded at law* against a person other than the employer, and thereby sought to recover damages for the injury. Having thus elected to pursue this remedy, plaintiff cannot thereafter sustain an award of compensation from his employer under the workmen's compensation act. *City of Grand Rapids* v. *Crocker,* 219 Mich. 178; *Noto* v. *Acme Truck Sales & Service Co.,* 270 Mich. 394. The election once having been made, the outcome of the suit at law has no bearing on the question. *Cavosie* v. *Sinclair Refining Co.,* 292 Mich. 468. In the recent case of *Graham* v. *Michigan Motor Freight Lines, Inc.,* 304 Mich. 136, one of the questions decided was "whether the plaintiff has made such an election by the institution of the suit in the Ohio court of common pleas for Cuyahoga county so as to preclude her from prosecuting a claim under the compensation act." We there decided that by

instituting the suit in the common pleas court, plaintiff had made an election and was barred by section 8454 from prosecuting her claim under the compensation act. Mr. Justice BUTZEL, writing for the court in construing the word "proceed" in section 8454, quoted with approval *Tocci's Case*, 269 Mass. 221 (168 N. E. 744, 67 A. L. R. 236):

   " 'Moreover, the word "proceed" in the statute must be given its natural meaning. The signification of that word is not open to reasonable doubt. In this context it means that the employee cannot institute proceedings both at common law against the third person and under the workmen's compensation act against the insurer. He must make a binding election. Resort to either form of relief constitutes such binding and final election, and he cannot thereafter pursue the other. It is not the usual case of election of remedies under the doctrines of the common law; it is an election under the provisions of a statute which specifies the conditions and terms of election. To adopt the contention of the employee would deprive the word "proceed" of its force as used in the statute.' "

Plaintiff now raises for the first time the claim that defendant is estopped from asserting that plaintiff is barred from an award of compensation on account of having elected to sue the third party. There is no merit to the claim. The fact that defendant denied liability before plaintiff started suit and before plaintiff had petitioned the department for an award of compensation does not estop defendant from continuing to deny liability.

The award is set aside and the case remanded for entry of an order denying compensation. Costs to appellant.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.