OSBORNE v. VAN DYKE.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION—ACCIDENTAL INJURIES—JURISDICTION OF CIRCUIT COURT.

The circuit court does not have jurisdiction over a claim for accidental injuries suffered by one alleged to be an employee of defendant where latter is subject to the workmen's compensation act and former has not elected not to become subject to the act (2 Comp. Laws 1929, § 8410).

2. SAME—HUSBAND AND WIFE—WORKMEN'S COMPENSATION—DOMESTIC.

Domestic servant who sued husband and wife in circuit court for personal injuries received when she fell in a bathroom

may recover, if at all, against wife only where husband had previously elected to be subject to the workmen's compensation act and plaintiff had not elected not to be subject thereto (2 Comp. Laws 1929, § 8410).

3. HUSBAND AND WIFE—EMPLOYMENT OF DOMESTIC SERVANTS—WIFE'S CAPACITY TO CONTRACT.

A wife has a legal right to enter into a contract of employment with another for latter to act as a domestic servant and become a member of the household.

4. SAME—DOMESTIC SERVANT—INJURY IN THE HOME.

.A domestic servant who is employed by a wife and is then injured in the home while a member of the household may sue the wife and pursue remedy against the wife's separate estate the same as if the wife were a *feme sole* (3 Comp. Laws 1929, § 14014).

5. WORKMEN'S COMPENSATION—ELECTION TO PURSUE REMEDY AGAINST PARTY NOT SUBJECT TO THE ACT—JURISDICTION OF DEPARTMENT.

The mere fact that person who employed plaintiff as a domestic servant is the wife of a person subject to the workmen's compensation act and from whom plaintiff, by a subsequently commenced proceeding, is also seeking to recover for accidental injuries sustained when she fell in a bathroom does not deprive plaintiff of the right to maintain the action at law against the wife, but when plaintiff started that action against the wife as an employer, she deprived the department of labor and industry of jurisdiction to enter an award against the husband for the same injury (3 Comp. Laws 1929, § 8454).

6. SAME—HUSBAND AND WIFE—DOMESTIC SERVANT—JURISDICTION OF DEPARTMENT.

After commencement of action at law "severally" against wife not subject to workmen's compensation act but who had hired plaintiff as a domestic servant, the department of labor and industry would not have jurisdiction to award compensation against husband, subject to the act, for the same injury (2 Comp. Laws 1929, § 8454).

7. ELECTION OF REMEDIES—ONE MAY NOT MAINTAIN INCONSISTENT ACTIONS.

One may not take contradictory positions in asserting a right in court by asserting a right in one action which is negatived by the right as asserted in another action.

BUTZEL, BUSHNELL, and REID, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted January 4, 1945. (Docket No. 35, Calendar No. 42,646.) Decided April 9, 1945.

Nettie L. Osborne presented her claim for compensation against William Van Dyke and Louise Van Dyke, his wife, employers, and Hartford Accident & Indemnity Company, insurer. From department's order that deputy's award for defendants be reversed and matter be set for hearing, defendants appeal. Reversed and remanded for entry of order denying compensation.

*Charles A. Lorenzo* (*Walter E. Kelly*, of counsel), for plaintiff.

*Kerr, Lacey & Scroggie*, for defendants.

BUTZEL, J. (*dissenting*). Nettie L. Osborne was employed as a domestic in the home of William Van Dyke and Louise Van Dyke, his wife, in Grosse Pointe, Michigan. According to a declaration filed on or about December 1, 1941, in the Wayne circuit court, she claims that on December 18, 1940, while thus employed, she fell on the bathroom floor in the Van Dyke home and sustained very severe injuries, and that the accident was due to the negligence of the Van Dykes and none of her own. She further alleges that Mrs. Van Dyke, as the actual head of the house, had entered into the contract of employment with her, fixing her duties and agreeing to pay her; that among other things, it was stipulated by Mrs. Van Dyke that plaintiff should accept orders and be directed by herself as well as by her husband, William Van Dyke, in the performance of her domestic duties, and that the authority and duty to give orders to the employees of the house, including

plaintiff, reposed in both Mr. and Mrs. Van Dyke. The latter filed an answer stating that Mr. Van Dyke was the employer and denying any negligence on their part and asserting that plaintiff's accident was entirely due to her own negligence. About 14 months later, they filed an amended answer, again asserting that Mr. Van Dyke was the employer and expressly denying that Mrs. Van Dyke entered into the alleged agreement to be plaintiff's employer, and further stating that Mr. Van Dyke, plaintiff's employer, had duly assumed liability under the workmen's compensation act; that plaintiff was subject to the provisions of said act, not having given notice to the contrary; that, therefore, the claim in the circuit court against Mr. Van Dyke is barred; and plaintiff's remedy against him, if any, is before the department of labor and industry of the State of Michigan. The action in the circuit court has not been brought to trial.

Mr. Van Dyke within three weeks after the accident filed a noncompensable report with the department. On March 29, 1943, shortly after defendant's amended answer in the common-law action stating that he was liable exclusively, if at all, under the workmen's compensation act, plaintiff gave notice of claim of injury and also notice and application for adjustment of claim against Mr. and Mrs. Van Dyke and the Hartford Accident & Indemnity Company, who insured Mr. Van Dyke against liability under the workmen's compensation act.

Mrs. Van Dyke was alleged to be the employer in the declaration. Obviously, she cannot be held liable for compensation as she never elected to come under the act. Testimony as to the accident and the reasons for the delay in filing of notices, et cetera, has not been taken. The sole question before the deputy commissioner and the department was whether by

first bringing the common-law action against both Mr. and Mrs. Van Dyke, jointly and severally, plaintiff, as defendants contend, had made her election, sued a party other than her employer, and was precluded from receiving compensation. The department held that Mrs. Van Dyke had been sued only as an employer and not as a third party other than the employer.

Under part 1, § 4, of the act, 2 Comp. Laws 1929, § 8410 (Stat. Ann. § 17.144), upon electing to come under the act, the employer could only be liable thereunder. This section was amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8410, Stat. Ann. 1944 Cum. Supp. § 17.144), but the rule was not changed.

Part 3, § 15, of the act (2 Comp. Laws 1929, § 8454 [Stat. Ann. § 17.189]) reads:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation, under this act, but not against both."

This section of the statute has been before us several times and we have given the construction that the words call for. As a rule this has resulted unfavorably to the claims of the employee. *Overbeck* v. *Nex*, 261 Mich. 156; *Noto* v. *Acme Truck Sales & Service Co.*, 270 Mich. 394; *Graham* v. *Michigan Motor Freight Lines, Inc.*, 304 Mich. 136. If suit had been brought against Mrs. Van Dyke not as an employer but as an independent third-party tortfeasor, no subsequent proceeding could have been successfully maintained before the department against Mr. Van Dyke. The compensation act is

to be construed liberally to provide for accidents peculiarly incidental to employment, though it may not be extended beyond its express terms. *Simpson v. Lee & Cady*, 294 Mich. 460. The act should be construed so as to render all of its provisions operative and carry out its purpose and intent. *Munson v. Christie*, 270 Mich. 94. We cannot read out of part 3, § 15, of the act the words "other than the employer." Had plaintiff in bringing the common-law actions against both Mr. and Mrs. Van Dyke as her employer, in bad faith and as a subterfuge, named Mrs. Van Dyke as an "employer" so as to circumvent the statute, she thereafter would be precluded from claiming compensation. However, the record shows that Mrs. Van Dyke made the contract of hiring and would have control over a domestic in her own home. The fact that over a year later, plaintiff was notified that Mr. Van Dyke claimed to be the sole employer and that, previous to the accident, had elected to come under the compensation act does not prevent her from asserting a claim for compensation, even though she thus is estopped from further prosecuting a claim against Mrs. Van Dyke, also claimed to be an employer. Plaintiff's action in filing application for compensation from Mr. Van Dyke constituted an election to hold him as her employer, thus accepting his claim that he was the employer. She may not recover twice for the same accident, but she is not barred by part 3, § 15, *supra*, from claiming compensation as her common-law action was brought in good faith against persons whom she had good reason to believe were her employers and were sued in that capacity.

This section of the act is ineptly drawn but a strict adherence to its terms forces us to the conclusion that as Mrs. Van Dyke was sued as an employer, and as no legal liability was asserted against

her in any other capacity, plaintiff was not estopped by the common-law action against Mrs. Van Dyke from claiming compensation from Mr. Van Dyke and his insurer before the department. This was the decision of the department on appeal by plaintiff from an adverse decision of the deputy commissioner. We affirm the decision of the department which found as a matter of fact that Mrs. Van Dyke had been sued only as an employer. We allowed an appeal in the nature of certiorari before any testimony was taken as to the timeliness of the notices and whether the accident arose out of and in the course of the employment, et cetera.

The order of the department should be affirmed, with costs to plaintiff, and the case should be remanded to the department for further proceedings.

Bushnell and Reid, JJ., concurred with Butzel, J.

Boyles, J. This case involves a claim for compensation under the workmen's compensation act. Defendant William Van Dyke is an employer subject to the workmen's compensation act, including household domestic servants. Defendant Louise Van Dyke is his wife, not subject to the workmen's compensation act. Defendant Hartford Accident & Indemnity Company is the insurer covering liability of William Van Dyke under the act. Nettie Osborne, plaintiff herein, was a household domestic servant in the home of William and Louise Van Dyke. She claims to have fallen in the bathroom of the home and injured herself. William Van Dyke filed a report of noncompensable accident with the department of labor and industry January 7, 1941. On December 4, 1941, Nettie Osborne started a suit for damages in the Wayne county circuit court against

"William Van Dyke and Louise Van Dyke, his wife, jointly *and severally.*" In her declaration filed in that case plaintiff claims:

"2. A long time prior to December 18, 1940, defendant, *Louise Van Dyke,* entered into an agreement of employment with plaintiff, by the terms of which, among other things, plaintiff was to reside in the household as a domestic and, particularly, to do the cooking for the household, and *defendant, Louise Van Dyke, as the actual head of the house,* agreed to pay plaintiff certain weekly wages then and there fixed and agreed upon."

The declaration further alleges that plaintiff became a member of the household, that it was the "joint and several" duty of the defendants to provide plaintiff with safe living quarters, and that notwithstanding such duty the defendants did negligently furnish and equip the premises with objects of a dangerous nature, particularly by placing on the bathroom floor a rug which was unsafe for use on a smooth, glossy floor, as a result of which plaintiff slipped and fell, causing serious bodily injuries, for which she claimed $30,000 damages. Issue was joined and this suit is still pending against both defendants.

In his amended answer filed in the above suit William Van Dyke denied jurisdiction of that court as against him on the ground that he was operating under the provisions of the workmen's compensation act, and that plaintiff had not given notice not to become subject to its provisions. As to that, we must conclude that under the statute, and the decisions of this court, the circuit court would not have jurisdiction over plaintiff's claim for damages against William Van Dyke. 2 Comp. Laws 1929, § 8410 (Stat. Ann. § 17.144). As to later amendment, see Act No. 245, Pub. Acts 1943 (Comp. Laws Supp.

1943, § 8410, Stat. Ann. 1944 Cum. Supp. § 17.144). See, also, cases cited later in this opinion. That case can be maintained only as a suit against Louise Van Dyke, with the damages, if allowed, recoverable only against her.

In her declaration plaintiff alleges that her contract of employment was with Louise Van Dyke, and that her injury was "jointly. and severally" caused by breach of duty and the negligence of the defendants. Louise Van Dyke had the legal right to enter into such a contract of employment, her separate estate might be held liable in damages for her own tort, and plaintiff could sue Louise Van Dyke and pursue her remedy against Louise Van Dyke the same as if Louise Van Dyke were a *feme sole.* 3 Comp. Laws 1929, § 14014 (Stat. Ann. § 27.658). *The mere fact* that Louise Van Dyke is the wife of defendant William Van Dyke from whom plaintiff is seeking to recover compensation under the workmen's compensation act does not deprive plaintiff of the right to maintain an action at law against Louise Van Dyke. But when plaintiff started a law action against Louise Van Dyke she deprived the department of labor and industry of jurisdiction to award plaintiff compensation against William Van Dyke as her employer, for the same injury.

On March 29, 1943, plaintiff served a notice of claim for injury on William Van Dyke and Louise Van Dyke under the workmen's compensation act, and filed a notice and application with the department of labor and industry for an adjudication against them. At the time of the hearing before a deputy commissioner the application was dismissed as to Louise Van Dyke, it being admitted that Louise Van Dyke was not subject to the compensation act; and the deputy commissioner also dismissed the ap-

plication as to William Van Dyke on the ground
that a suit had been started by plaintiff in the Wayne
circuit court against William Van Dyke and Louise
Van Dyke jointly and severally and therefore plain-
tiff could not maintain a claim before the department
against William Van Dyke for compensation. The
department on review of the findings of the deputy
reversed his order and sent the case back to the
deputy commissioner for trial "on its merits."
We granted leave to appeal, the defendants con-
tending that plaintiff by starting a suit at law
against Louise Van Dyke for damages had elected
to pursue her remedy against a third person who was
not under the workmen's compensation act, and that
therefore the department of labor and industry had
no jurisdiction over the matter. That is the only
question before us.

The provision of the workmen's compensation act
(2 Comp. Laws 1929, § 8454 [Stat. Ann. § 17.189])
on which defendants rely, in effect at the time this
cause of action arose, reads as follows:

"SEC. 15. Where the injury for which compensa-
tion is payable under this act was caused under cir-
cumstances creating a legal liability in some person
other than the employer to pay damages in respect
thereof, the employee may at his option proceed
either at law against that person to recover dam-
ages, or against the employer for compensation
under this act, but not against both, and if com-
pensation be paid under this act the employer may
enforce for his benefit or for that of the insurance
company carrying such risk, or the commissioner of
insurance, as the case may be, the liability of such
other person."

The record before us indicates that on the hearing
before the deputy commissioner counsel for plain-
tiff claimed that Louise Van Dyke was plaintiff's

employer, notwithstanding that his present claim for compensation against William Van Dyke depends on William Van Dyke being plaintiff's employer. He stated:

"I am prepared to show that Mrs. Osborne originally was employed by what she considered to be an employer, by Mrs. Van Dyke. * * * I don't admit and I don't state now, I don't stipulate, and I didn't know this was included in the stipulation that she was employed by Mr. Van Dyke. I want to show—

"*The Commissioner:* Let me ask you a question, Mr. Lorenzo, whose employee do you claim her to be at the time of this accident?

"*Mr. Lacey:* In this court.

"*Mr. Lorenzo:* If I can explain it in my own words, it came about this way: Mrs. Osborne was employed by Mrs. Van Dyke, as she understood."

The case we now have before us, for compensation against William Van Dyke under the act, can be maintained only on the theory that he was the employer. Louise Van Dyke is not under the compensation act. If, as counsel for plaintiff seemingly now tries to claim, William Van Dyke was the employer, still plaintiff cannot recover compensation from William Van Dyke under the workmen's compensation act, having elected her remedy by starting suit against Louise Van Dyke. Plaintiff cannot pursue both remedies. Under the terms of the act and the decisions of this court, the department of labor and industry does not have jurisdiction to award compensation against William Van Dyke after plaintiff had started suit "severally" against Louise Van Dyke to recover damages for the same injury. This question has many times been before us and has been settled by this court. *Brabon* v. *Gladwin Light & Power Co.*, 201 Mich. 697; *Oleszek*

*v. Ford Motor Co.,* 217 Mich. 318; *Varga* v. *Detroit Edison Co.,* 240 Mich. 593; *Simon* v. *Cadillac Motor Car Co.,* 242 Mich. 93; *Bross* v. *City of Detroit,* 262 Mich. 447; *Dailey* v. *River Raisin Paper Co.,* 269 Mich. 443; *Noto* v. *Acme Truck Sales & Service Co.,* 270 Mich. 394; *Cell* v. *Yale & Towne Manfg. Co.,* 281 Mich. 564; *Graham* v. *Michigan Motor Freight Lines, Inc.,* 304 Mich. 136; *Nichols* v. *Ford Motor Co.,* 306 Mich. 268.    See, also, 3 Comp. Laws 1929, § 8410, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8410, Stat. Ann. 1944 Cum. Supp. § 17.144).

Admittedly if the suit against Louise Van Dyke is one against a third-party tort-feasor, plaintiff is barred from obtaining compensation against William Van Dyke under the act.    But it has been said that plaintiff's suit against Louise Van Dyke is against her as plaintiff's "employer," and not against Louise Van Dyke as a "third-party" tort-feasor; and that therefore plaintiff is not barred from obtaining compensation against William Van Dyke under the act.    Under that theory, plaintiff could recover compensation from William Van Dyke as her "employer," under the workmen's compensation act; and subsequently recover damages for the same injury against Louise Van Dyke as her "employer" (not as a "third-party" joint or several tort-feasor), in a law action.    The absurdity of such a position is apparent.    Any injured party could *start* suit in court (see *Nichols* v. *Ford Motor Co., supra*) against two defendants for damages, claiming one of them was the employer, file an application for compensation with the department of labor and industry, claiming the other one was the employer, maintain one position in court and the opposite before the department and still recover compensation against one of them, under the act.

Such a construction would permit a complete nullification of that part of the act (hereinbefore quoted) which declares that where the injury was caused under circumstances creating a legal liability in some person *other than the employer*, the employee may proceed either at law *against that person* to recover damages, or against *the employer under the act, but not against both.* Furthermore, where plaintiff takes contradictory positions, an assertion of the first claim is a negation of the second. In *Noto* v. *Acme Truck Sales & Service Co.*, *supra,* at p. 401, Mr. Justice NORTH quoted with approval from *Washburn* v. *Peck*, 245 Mich. 351, 352, as follows:

"One may not take contradictory positions in asserting a right in court, if the assertion of plaintiff's right in the first case involves a negation of the right as claimed in the second case."

A situation quite similar to the case at bar arose in *Noto* v. *Acme Truck Sales & Service Co.*, *supra,* where the plaintiff had sued two defendants, Lavery and Acme Truck Sales & Service Company, in a law court and later filed a claim for compensation against Acme Truck Sales & Service Company before the department of labor and industry. The issue was as to which was the employer. The department held that the Acme Truck Sales & Service Company was the employer and granted compensation. In vacating the award of compensation, this court (399, 401) said:

"It may be granted that the suit at law was dismissed as against the Acme Truck Sales & Service Company on the ground that it and Noto were both under the workmen's compensation act, but it would not follow that the suit instituted against Lavery, charging him for liability incident to this same ac-

cident should have been dismissed. From a legal standpoint the situation is not different than it would have been if the suit in the Wayne county circuit court had been instituted and prosecuted against Lavery alone; and clearly prosecution of such an action would have constituted an election of remedies.   *   *   *

"The workmen's compensation act expressly provides that the injured employee or his dependents may exercise the option of proceeding at law against the wrongdoer to recover damages or on the other hand a proceeding for compensation may be instituted against the employer, *'but not against both.'* "

The question is not before us at this time as to whether plaintiff may maintain her pending suit against Louise Van Dyke. Doubtless that question will be decided in due time by the court in which that suit is pending.

The order of the department holding that it has jurisdiction of the claim for compensation against William Van Dyke is reversed and the case remanded for entry of an order denying compensation, with costs.

Starr, C. J., and North, Wiest, and Sharpe, JJ., concurred with Boyles, J.