JAMES P. McGONIGAL v. WARD BAKING COMPANY, a corporation of the State of New York.

(*May* 16, 1949.)

CAREY, J., sitting.

*Joseph A. L. Errigo* and *Newton White* for plaintiff.

*William H. Foulk* and *Herbert L. Cobin* for defendant.

Superior Court for New Castle County, Civil Action, No. 1078, 1948.

CAREY, Judge.

The sole question here raised is this: May an injured employee, who has filed and withdrawn a claim for Workmen's Compensation against his employer, thereafter sue an alleged third party tort-feasor for damages on account of his injuries?

The defendant, arguing for a negative answer to this question, relies chiefly upon *Furlong v. Cronan*, 305 *Mass*. 464, 26 *N.E.2d* 382, and *Tocci's Case*, 269 *Mass*. 221, 168 *N.E.* 744, 67 *A.L.R.* 236, the Massachusetts Statute being very similar to ours. Those authorities hold that an injured employee, who has the right to elect between Workmen's Compensation and damages from a third party, makes his final election at the very moment he files his claim for compensation or institutes his action for damages. The defendant also cites *O'Brien v. Wilmington Provision Co.*, 4 *W.W.Harr.* 214, 148 *A.* 294, 296, as authority for its contention that the Dela-

ware rule is the same as the Massachusetts rule. In the O'Brien case, no claim had ever been filed for compensation, the plaintiff having sued the third party. The defendant's plea asserted that the plaintiff had no right to sue because his employer was "liable" for compensation and was therefore entitled to subrogation of the employee's rights. The Court refused to accept this definition of the word "liable" and said that the employee had an option to proceed against the employer for compensation or against the defendant for damages. The Court then used these words: "The plaintiff elected to proceed against the person liable other than the employer as he had a right to do".

The present plaintiff cites *Canadian Pacific Railway Co. v. Morin*, *(2 Cir.)* 54 *F.* 2d 246, in support of an affirmative answer to the question here presented. There Judge Swan, construing a Vermont statute substantially like ours, interpreted the words "claim compensation" as meaning effectively to claim it by obtaining an award. In doing so, he pointed out that the Legislature never intended the compensation law to be an instrument whereby a tort-feasor may escape liability for his negligence, and that the pertinent section of the act was simply designed to give the employer subrogation to the extent necessary to recover what he is forced to pay. He pointed out how a strict or literal construction of the words "claim compensation" could serve in many instances to relieve the tort-feasor entirely, since, if an employee filed a claim against the employer, neither could sue the third party until the claim had been determined. This might consume so much time as to put the negligence action beyond the statute of limitation. Moreover, if the employee fails to obtain an award, neither he nor the employer could proceed against the third person. The employee could not, because he made his election when he filed his claim; the employer could not, because he had to pay nothing. The intent to create any such anomalous situation, said the Court, was not to be lightly imputed to the Legislature. The decision in the Morin case was based in part upon the reasoning of our

own Superior Court, in *Silvia v. Scotten*, 2 *W.W.Harr.* 295, 122 *A.* 513, 514. In my opinion, the words of Chancellor Wolcott in that case so clearly point the way to a proper decision here that I shall quote them at some length. He spoke in part as follows:

"There is nothing in the provisions of the Compensation Act which destroys the liability of a non-employer tort-feasor to respond in damages to the proper party for the death of an employee, notwithstanding such employee or his dependents has or have accepted the benefits of the Workmen's Compensation Law. *When the purpose of the Workmen's Compensation Act is borne in mind it would be highly unreasonable to assume that in its enactment the Legislature intended to save a class of wrongdoers who are in no wise related to the compensation scheme from the liability which the law had theretofore imposed upon them.* The Workmen's Compensation Act concerns only employer and employee and is designed to afford a fair and equitable adjustment of their mutual rights and obligations, primarily for the benefit of the employee. *A stranger to the employment is outside of the Act's contemplation, and his liabilities are not intended by the act to be disturbed. The only particular in which the act deals with him appears in Section* (38), *and here there is no attempt to destroy his liability, the sole purpose of the section being to make an alteration in the theretofore existing law in respect to parties plaintiff against him in case compensation has been agreed upon.* (Emphasis supplied)

\* \* \* \* \* \*

"It appears to be the plain intent of the Compensation Act to provide that when compensation is paid, or to be paid, the liability of the third person tort-feasor while continued in full force is nevertheless primarily preserved for the compensating employer. We can gather no other meaning from the language of section (38), which provides that the employer upon paying or becoming liable to pay compensation 'shall be subrogated to the rights of the injured employee or of his dependents.' The effect of this lan-

guage is in essence to operate as an assignment of all the rights of the employee or his dependents to the employer as soon as the latter pays, or becomes liable to pay, compensation under the act. *Massachusetts Bonding & Ins. Co. v. San Francisco-Oakland Terminal Rys.,* 39 *Cal. App.* 388, 178 *P.* 974. Unless this be so, the tort-feasor in such cases would be exposed to a double liability, first to the employee, or to the widow, widower or personal representative under the Death Act, and second to the employer under the Compensation Act. To avoid such double liability the latter act in Section (38) expressly denies to the employee the right to proceed against both the tort-feasor and the employer, and by necessary construction the same denial of a right to proceed against both is laid upon the dependents."

■ It is charged that these words were mere dicta, unnecessary to the Court's decision, and that they are not binding upon the Superior Court, especially as the Silvia case involved a point of law entirely dissimilar from the one now before me. I agree that the factual situations are not alike and that I have a different point to determine, but I can not agree that the language of the Supreme Court is not binding upon this Court. That part of the opinion quoted above formed a very material link in the chain of reasoning of the Supreme Court. Certainly, it is not permissible for a lower Court to disregard such a definite and clear interpretation of a statute by our highest Court, made deliberately, and apparently treated by that Court as an important part of its logic. Any limitation, modification or alteration of its own language must be left to that Court. *duPont v. Peyton,* 15 *Del.Ch.* 255, 136 *A.* 149.

■ The present question is purely a matter of statutory construction. "The sole purpose of the section being to make an alteration* * * in respect to parties plaintiff" against the tort-feasor "in case compensation has been agreed upon" or awarded, and the liabilities of the third party being undisturbed by the Act, it follows that the rule of the Morin case, *supra,* must govern

here, for the reasons given by Judge Swan. A contrary holding would necessitate ignoring the letter and spirit of the Supreme Court's pronouncement. Nothing in the case of *O'Brien* v. *Wilmington Provision Company, supra,* disagrees with this view. The sentence quoted above, upon which the defendant places so much reliance, must be read in conjunction with the rest of the opinion and, when so read, has no application to the present case.

It must be held that Section 38 of the Act in no way alters the liability of a third party tort-feasor, and that his only interest in the act is the right to make sure that he is being sued by the proper party plaintiff in order to avoid double liability. See *Toronto Railway Co. v. Hutton,* 59 *Can.S.C.* 413. Where the record discloses, as here, not only that no compensation has been paid, agreed upon or awarded, but also that no claim for compensation is pending and that none can now be filed (since a one-year limitation applies to such claims), a suit against him by the employee will lie.

The motion for summary judgment must be denied.