Pearl H. KOWALEWSKI, widow of Anthony Kowalewski, deceased, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation of the State of Pennsylvania, Defendant.

Civ. A. No. 1764.

United States District Court
D. Delaware.

Nov. 30, 1956.

Clement C. Wood (of Allmond & Wood), Wilmington, Del., for plaintiff.

James L. Latchum (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

RODNEY, District Judge.

This is a motion of defendant for summary judgment. The action was instituted in the Superior Court of the State of Delaware and removed to this Court on the ground of diversity of citizenship. The action was brought by the widow against a third party tortfeasor for negligence resulting in the death of the plaintiff's husband. A motion to dismiss the complaint was considered at an earlier stage [1] wherein it was held that an Amendatory Act of 1955, with reference to the Delaware Workmen's Compensation Act, was not shown to be effective as to an accident happening prior to its passage.

The pertinent Delaware Act [2] provides as follows:

"Whenever an injury for which compensation is payable under this chapter is sustained under circumstances creating in some person other than the employer, a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this chapter or obtain damages from, or proceed at law against such other person to recover damages, but he shall not proceed against both."

The present matter presents the narrow question as to when a widow, seeking compensation for the death of her husband due to the alleged negligence of a third party, has so definitely exercised

1. D.C., 141 F.Supp. 565.

2. 19 Del.C. § 2363(a).

her option of alternative remedies under the foregoing statute as to preclude her future action.

The accident happened October 11, 1954. A claim was filed before the Industrial Accident Board under the Delaware Workmen's Compensation Act on September 20, 1955. No proceedings have been had on this claim and there has been no hearing or award. The present suit was filed in the Superior Court of the State of Delaware on October 28, 1955.

The defendant contends that the mere filing of the claim with the Industrial Accident Board on September 28, 1955 and unaccompanied by any further proceedings or award, constituted, under the Delaware Act, an election of alternative remedies and prevented the valid institution of this suit by the plaintiff on October 28, 1955. This is controverted by the plaintiff and constitutes the question for decision.

That the cases under the various Workmen's Compensation Acts are not harmonious even when the Acts are very similar or strongly analogous seems entirely clear.

The defendant relies upon cases in Massachusetts and in Michigan (cited in the footnote),[3] where the statutes, if not identical with the Delaware Act, are strongly analogous thereto. Those cases rather clearly hold that the adoption of an alternative remedy is accomplished by the mere fact of bringing an action at law or the filing of a claim under the Workmen's Compensation Act.

Upon the contrary, other cases hold that the provisions of Workmen's Compensation Acts are framed for the benefit of an injured workman or his dependents and that the rights of subrogation given to the employer of the injured person, where such employer has paid or become liable for compensation, are for the protection of the employer and to prevent the employee from receiving double pay for the same injury. In no case has it been held that the Workmen's Compensation Act or the rights given under it have been framed with a view of conferring any benefits upon a third party tortfeasor responsible for the death or injury.

Cases such as Canadian Pacific Ry. Co. v. Morin, 2 Cir., 54 F.2d 246, reach a conclusion opposed to the cases in Massachusetts and Michigan, cited by the defendant, and hold that a mere filing of a claim for compensation under a Workmen's Compensation Act and unaccompanied with other proceedings on the claim and no award thereon does not prevent the institution of a suit at law against the third party tortfeasor. The Morin case was determined under the then law of Vermont.

The pertinent laws of Vermont, Massachusetts, Michigan and Delaware have much in common. They all provide that where an injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the employer or insured to pay damages in respect thereof, the injured employee may, at his option, either proceed at law against the person causing the injury or to claim compensation under the Workmen's Compensation Act. The only material difference, to which my attention is called, is that in the Massachusetts, G.L.(Ter. Ed.), c. 152, § 15, Michigan, Comp.Laws 1948, § 413.15 and Delaware Acts, but not in the Vermont Act, U.S. § 8078, appear the words "but not against both" as in the Massachusetts Act or "but he shall not proceed against both" as found in the Delaware Act.

It is not entirely clear that the difference in verbiage is entitled to the full measure of consideration contended for

3. Sciacia's Case, 262 Mass. 531, 160 N.E. 310; Tocci's Case, 269 Mass. 221, 168 N.E. 744, 67 A.L.R. 236; Furlong v. Cronan, 305 Mass. 464, 26 N.E.2d 382; Miller v. Richards, 305 Mass. 424, 26 N.E.2d 380; McDonald v. Employers' Liability Assur. Corp., 288 Mass. 170, 192 N.E. 608; Graham v. Michigan Motor Freight Lines, 304 Mich. 136, 7 N.W. 2d 246; Nichols v. Ford Motor Co., 306 Mich. 268, 10 N.W.2d 852.

by the defendant. All of the statutes give to the injured person "an option" to seek to recover damages from the tortfeasor or to claim compensation under the Act. An "option", in the contemplation of the Act, is the right of choosing between two or more alternatives. The right given by all the statutes is the option given to the injured person to seek reimbursement for his injury from one of two given sources. The quoted language, to which attention is drawn, merely says he may not "proceed against both". The difference between the cases herein cited is to be found in the determination as to when the option of the injured party has been fully exercised. In the Massachusetts and Michigan cases it was determined that the definite election was made at the first step—the institution of the suit at law or the filing of a claim under the Workmen's Compensation Act. Under the Morin case, the critical time is the fact of some recovery or award.

The discussion of the various cases will not be continued. This Court is not free to adopt that one of the divergent rules as to it may seem proper.

█ This is a diversity action originally brought in the Superior Court of the State of Delaware and removed to this Court. It is based upon a Delaware statute, viz. the Delaware Workmen's Compensation Act. The right of action to recover under the Delaware Workmen's Compensation Act is peculiarly a matter which, by Erie R. Co. v. Tompkins,[4] is to be determined by Delaware law. This has been expressly held by this Court in Melella v. Savage, D.C., 59 F.Supp. 258.

The exact situation here considered was determined by a Delaware Court in McGonigal v. Ward Baking Co., 6 Terry 55, 45 Del. 55, 67 A.2d 61, 62. In the case last cited the precise question as posed by the Court was:

"The sole question here raised is this: May an injured employee, who has filed and withdrawn a claim for Workmen's Compensation against his employer, thereafter sue an alleged third party tortfeasor for damages on account of his injuries?"

It will be noted that the only difference between the cited case and the case at bar is the fact that in the cited case the claim for Workmen's Compensation, antecedently filed, had been withdrawn without award and in the present case the claim had been antecedently filed and no proceedings had been had thereon but such claim has not been actually withdrawn. As will be seen this distinction is without merit.

The Delaware Court expressly considered the Massachusetts cases cited by the defendant, supra, and refused to follow them; it expressly cited Canadian Pacific Ry. Co. v. Morin, supra, and adopted its reasoning.

█ That a Federal Court in a diversity case, removed to it from a State Court, must accept the pertinent rulings of a State Court is abundantly clear and is the law of this District. Lake Shore Nat. Bank v. Bellanca Aircraft Corporation, D.C., 83 F.Supp. 795. In Fidelity Union Trust Co. v. Field, 311 U.S. 169, 179, 180, 61 S.Ct. 176, 85 L.Ed. 109, it is said that a Federal Court was not at liberty to reject a pertinent State decision because it did not agree with the reasoning of the State Court or whether it believed the decision to be sound or unsound. To the same effect is the law of this Third Circuit.[5]

The case of McGonigal v. Ward Baking Co., supra, was a judgment of the Superior Court of the State of Delaware. That a Federal Court in Delaware must accept the ruling of the Superior Court of the State of Delaware was expressly

4. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

5. McLouth Steel Corp. v. Mesta Machine Co., 3 Cir., 214 F.2d 608, 610, certiorari

denied, Hartford Acc. & Indemnity Co. v. Foster, 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687.

432

held in Stinson v. Edgemoor Iron Works, D.C., 55 F.Supp. 861. Indeed, the great bulk of the decisional law of Delaware (possibly ninety per cent) is to be found in the reports of the rulings of the Superior Court.

It is true that the Delaware Court in McGonigal v. Ward Baking Co., (supra) commented on the fact that the claim for compensation had been withdrawn and that, by limitation of time, no additional claim for compensation could be filed. This fact must be without weight. Either the election was complete upon the first filing or it was not complete without other proceedings or award. No additional filing or passage of time preventing such filing can be material. Even the Sciacia's Case, 262 Mass. 531, 160 N.E. 310, relied upon by the defendant, expressly held that the discontinuance of existing proceedings at law before proceeding under the statute was not material.

Because a Delaware Court has expressly passed upon the question here involved and adversely to the contention of the defendant, the motion for summary judgment must be denied.